GERMAIN T. LAVIGNE, *p.a. vs.* DORIS E. BALLANTYNE.

FEBRUARY 5, 1941.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J.  This action of trespass on the case for negligence is brought by Germain T. Lavigne, a minor, to recover damages for personal injuries allegedly sustained by him when struck by defendant's automobile.  The accident happened about noon on June 14, 1940, on Broad street, near its intersection with North Pleasant street, in the town of Coventry.

The case was tried before a justice of the superior court, sitting with a jury, and resulted in a verdict for the plaintiff in the sum of $1000.  The defendant's motion for a new trial was thereafter heard and denied.  The defendant urges the three following exceptions before us: First, to the ruling of the trial justice permitting the plaintiff's father to testify concerning certain tire marks which he saw on Broad street some considerable time after the accident; second, to the denial of defendant's motion to pass the case because of prejudice resulting from reference to an insurance company by a witness in the course of examination; and third, to the denial of defendant's motion for a new trial.

A brief statement of the strongly conflicting evidence in this case is sufficient in view of our decision on the defendant's second exception, which we will consider first.  The evidence for the plaintiff, a boy eleven years old, tends to show that a horse and wagon, driven by a man whom he knew, had stopped on its right-hand side of Broad street just before reaching the intersection of that street with North Pleasant street, so that he might get on the wagon and ride home from school; that as the plaintiff was crossing Broad street in front of the horse, in order to get on the wagon, he slipped and fell to the ground near the horse's head and close to the middle line of that street; that the defendant's automobile, which the plaintiff did not see, entered the left side of Broad street from North Pleasant street, made a wide

turn to its right and struck him while he was getting up from the highway; that he was thrown to the ground and suffered injury to his nose, mouth and teeth.

The evidence for the defendant, on the other hand, tends to show that the defendant's automobile did not strike the plaintiff at all, and that the plaintiff received the injuries of which he complains when he tried to get on the wagon and fell to the highway.

The defendant's second exception raises a question of considerable importance to our practice in the trial of automobile negligence cases, as compulsory automobile liability insurance is not in force in this state. This exception is that the trial justice erred in refusing to grant the defendant's motion to pass the case when it appeared in evidence that the defendant was a person who carried liability insurance to protect herself from liability to third persons by reason of the operation of her automobile.

The situation complained of arose in the following manner. The defendant called as a witness Dr. Royal C. Hudson, whom she had sent to the plaintiff's home to attend him shortly after the accident. In cross-examination, plaintiff's counsel questioned the doctor as follows: "You are here at the request of Mr. Kingsley? (defendant's attorney) A. Yes. Q. Have you talked with Mr. Kingsley about this before this time? A. I just discussed the case outside, yes. Q. Have you discussed it with anybody else before that time? A. No. Q. Nobody else? A. Well, the insurance man came to get me today to ask me if I would be available." At this point counsel for the defendant asked that the jury be excused and, upon this being done, he then moved to pass the case for the reason above mentioned. Counsel for the plaintiff opposed this motion on the ground that he "didn't request him (the witness) to make that statement." The court, after considerable discussion, finally denied the defendant's motion and noted her exception.

Under our system of law it is highly important that the impartiality of a jury's verdict be above suspicion. To this end, a jury-trial ought to be so conducted that a verdict may command confidence as the jury's decision upon an honest consideration of the evidence, uninfluenced by prejudice or sympathy. When improper and extraneous matter of a harmful nature is intentionally injected or accidentally creeps into the evidence, it is the duty of the trial justice, upon complaint being made, to free the evidence from such matter, if possible, with proper warning to the jury. On the other hand, if this is not reasonably possible, then he ought to pass the case.

Whether, in a case of the class now before us, the circumstances demand that the case be taken from the jury and passed because of possible harm to the defendant is not a matter resting in the mere discretion of the trial justice, as the plaintiff, relying on *Woodward* v. *Wilbur*, 54 R. I. 60, contends in the instant case. In this he is mistaken, as the *Woodward* case stands for no such proposition. When a party in such case moves that it be passed on that ground, the trial justice is required to rule on what is substantially a question of mixed law and fact. His decision is a judicial determination of the situation before him, the parties being entitled to a fair and impartial trial at the hands of the jury. The *Woodward* case is in entire accord with our opinion in the instant case. There this court, upon its consideration of the objectionable testimony in connection with all the evidence, concluded that the jury was not influenced against the defendant by a reference to insurance in the circumstances of that case.

In ruling on a motion of the nature above described, the trial justice should keep in mind the provisions of the statute that we are about to cite and give due consideration to the policy of law enunciated and applied in our decided cases dealing with situations similar to the one in the instant case.

General laws 1938, chapter 155, § 1 prescribes the procedure to be followed in an action for property damage or personal injury by an injured party against a defendant who is protected by liability insurance. Subject to an exception not material here, it provides that in such an action the injured party "shall not join the insurer as a defendant." The injured party is given the right to proceed against the insurer in a separate action "after having obtained judgment against the insured alone." These provisions were the same under G. L. 1923, chap. 258, sec. 7.

In *Miller* v. *Metropolitan Ins. Co. of N. Y.*, 50 R. I. 166, this court said that the provision of the act for nonjoinder of an insurer was for the protection of the insurer. However this may be, we are of the opinion that such provision was intended to make certain that the jurors would decide the case against an insured defendant on its merits as shown only by proper evidence, and not on any consideration that an insurer rather than the defendant personally would pay whatever damages might be assessed against him. In the later case of *Walsh* v. *Carroll*, 169 A. 743, (R. I.), this court says: "It is the policy of law in this jurisdiction in the trial of a case of this character to eliminate in the first instance all reference to the interest of an insurance company. Section 7, c. 258, G. L. 1923. In cases tried before a jury, reference to the interest of an insurance company has been considered ground for the granting of a continuance."

Where, in cases of this general type, reference is made in the presence and hearing of the jury to insurance or to the interest of an insurance company, with the apparent intention of prejudicing the jury in favor of the plaintiff by causing them to believe that the defendant was protected by insurance, it is clear that a motion for a continuance should ordinarily be granted. *Walling* v. *Jenks*, 59 R. I. 129, 133; *Woodward* v. *Wilbur, supra; St. Jean* v. *Lippitt Woolen Co.*, 69 A. 604 (R. I.).

A more delicate and difficult situation confronts the trial justice when reference to insurance or to the interest of an insurance company is purely accidental, or at least is not intentionally sought or made. If, in such circumstances, a motion for continuance is made on this ground, it becomes the duty of the trial justice to determine whether, under all the circumstances then before him, the jury, notwithstanding such reference and instructions to disregard it, can reasonably be expected to return a verdict based solely on the evidence in the case, uninfluenced by such reference. If he cannot fairly reach this conclusion, he ought to pass the case.

In the instant case it is unnecessary for us to determine whether, under all the circumstances in evidence such reference was prejudicial to the defendant. This question would have been fairly before us had the trial justice paid attention to the policy of law applicable to a case of this character in this jurisdiction, so clearly indicated in *Walsh* v. *Carroll, supra;* and had he properly instructed the jury to disregard such reference in accordance with that policy. But he intentionally chose to ignore the clear import of the statute and the pertinent decisions on this point.

When the jury was brought back after an extended discussion in their absence of the defendant's motion for a continuance, the trial justice instructed them to decide the case on the facts in evidence, without reference to insurance. But he destroyed whatever curative effect such instruction might have had when he immediately thereafter ill-advisedly expressed, by way of comment, a lack of personal belief in the soundness of the policy indicated by our decided cases concerning the matter then before him. This was highly improper. In the circumstances, we cannot say that the defendant was not prejudiced with the jury. The defendant's second exception is sustained. In this view of the case, it is unnecessary to consider the defendant's other exceptions.

The case is therefore remitted to the superior court for a new trial.

*Quinn & Quinn, Michael DeCiantis,* for plaintiff.

*Kingsley, Reynolds & Kingsley, Donald A. Kingsley, Francis V. Reynolds, Clifford A. Kingsley,* for defendant.