ALBINA M. HARROD *vs.* RALPH CIAMCIARULO.

FEBRUARY 19, 1963.

PRESENT: Condon, C. J., Roberts, Powers and Frost, JJ.

POWERS, J. This is an action of trespass on the case for negligence brought to recover damages for personal injuries allegedly sustained by the plaintiff as the result of the negligent operation of the defendant's automobile. The case was tried before a justice of the superior court, sitting with a jury, and resulted in a verdict for the plaintiff in the sum of $2,500. It is before us on the defendant's bill of exceptions to certain evidentiary rulings of the trial justice, to the denials of his motions for a directed verdict and for a new trial, and to the denial of his motion to pass the case. In the view we take, however, it is necessary for us to consider only the latter exception.

While the evidence is in dispute as to some particulars, it appears that on Friday evening, September 9, 1960, defendant was driving in a westerly direction along Cranston street in the city of Providence. The plaintiff and her nephew, an adult, attempted to cross the street in front of defendant's automobile, and in the course of so doing plaintiff was either hit by the automobile or ran into it and thus was injured.

The situation complained of arose in the following manner. On defendant's motion the trial justice appointed Dr. David M. Barry to examine plaintiff and report his findings to the court. In the course of the cross-examination of plaintiff about statements she had given the doctor which were in conflict with the report she had allegedly given the police at the time of the accident, she was asked: "This was Doctor Barry, the court appointed doctor who examined you?" Her answer was: "The insurance doctor on Hope Street."

The jury was sent out and defendant's counsel moved to

pass the case on the ground that plaintiff's answer would be prejudicial. The trial justice denied the motion, saying: "* * * the matter is one that can be properly examined and the jury properly instructed that the doctor in the case was one appointed by the court." The defendant excepted to the ruling and then asked if the court would attempt to charge out the answer, to which the trial justice replied: "At the present moment, the least said about the last answer the better." It does not appear that anything further was done concerning the answer, and there was no reference to it in the court's charge to the jury.

The trial justice based his denial of defendant's motion to pass the case on his interpretation of *Walsh* v. *Carroll*, R. I., 169 Atl. 743. We said there that: "It is the policy of law in this jurisdiction in the trial of a case of this character to eliminate in the first instance all reference to the interest of an insurance company." In this statement we again concur. However, it appears that the trial justice did nothing to eliminate the possibility of prejudice to defendant occasioned by the mention of insurance. Indeed he said, out of hearing of the jury, "the least said about the last answer the better." Apparently it was his belief that by ignoring the statement completely, the reference to insurance would be eliminated from the jury's consideration. But in our view more than this is necessary. Some affirmative action must be taken, either at the time the reference to insurance is made or in the charge to the jury at the conclusion of the trial, to insure that defendant is not prejudiced by the reference.

In *Lavigne* v. *Ballantyne*, 66 R. I. 123, a witness testified, after being asked if he had discussed the case with anyone: "Well, the insurance man came to get me today to ask me if I would be available." The trial justice denied a motion to pass the case because of the introduction of the quoted matter. We reversed the trial justice, saying: "When improper and extraneous matter of a harmful nature is inten-

tionally injected or accidentally creeps into the evidence, it is the duty of the trial justice, upon complaint being made, to free the evidence from such matter, if possible, with proper warning to the jury. On the other hand, if this is not reasonably possible, then he ought to pass the case."

After noting that it is clear that a motion to pass the case should be granted when mention is intentionally made of insurance with the object of prejudicing the jury in favor of the plaintiff, the court continued:

> "A more delicate and difficult situation confronts the trial justice when reference to insurance or to the interest of an insurance company is purely accidental, or at least is not intentionally sought or made. If, in such circumstances, a motion for continuance is made on this ground, it becomes the duty of the trial justice to determine whether, under all the circumstances then before him, the jury, notwithstanding such reference and instructions to disregard it, can reasonably be expected to return a verdict based solely on the evidence in the case, uninfluenced by such reference. If he cannot fairly reach this conclusion, he ought to pass the case."

In the circumstances here presented the trial justice ignored the clear duty imposed upon him to eliminate the possibility of prejudice occasioned by the mention of insurance. Neither did he direct the jury to ignore it nor did he attempt in his charge to eliminate any prejudice to the defendant arising therefrom. The clear import of the plaintiff's gratuitous remark was to substitute an insurance company as the defendant and thus was prejudicial within the intent of the rule.

The defendant's exception is sustained, and the case is remitted to the superior court for a new trial.

### On Motion for Reargument.

#### MARCH 7, 1963.

Per Curiam. After our decision in the above case the plaintiff asked for and received permission to file a motion

for reargument. Pursuant thereto she has filed such a motion, setting out therein certain reasons on which she bases her contention that justice requires a reargument of the case. We have carefully considered those reasons and we are of the opinion that they are without merit.

The plaintiff contends that we overlooked the opinion of this court in *Romano* v. *Caldarone*, 78 R. I. 107, where at page 112, in discussing defendant's motion to pass the case, we stated: "Furthermore, although the charge contained no instruction to disregard the reference to insurance, defendant took no exception to the charge as given and made no request for an instruction to that effect. In these circumstances we think it is now too late to raise the question here under his original exception [made when the trial justice denied his motion to pass the case when the reference to insurance was made]."

This contention completely ignores the caveat in *Romano* that: "Whether a defendant's motion to pass the case should be granted on the grounds here alleged depends upon the particular circumstances of each case." In that case it was the defendant himself who mentioned insurance, even after being cautioned not to do so by his counsel. The trial justice offered to instruct the jury to disregard the remark, but this offer was refused by the defendant's counsel. The charge did not contain such an instruction and no exception was taken thereto. Thus stressing our reliance on the particular circumstances of the *Romano* case, we overruled the exception to the trial justice's refusal to pass the case.

Again considering the circumstances of the case at bar, as we did in our opinion, we reaffirm our conclusion that the plaintiff's reference to insurance clearly prejudiced the defendant.

Motion denied.

*Anthony Grilli, Anthony E. Grilli,* for plaintiff.

*Carroll & Dwyer, Robert L. Kiernan,* for defendant.