277 A.2d 744.

Evelyn G. Lewis *vs.* Madeleine C. Allard.

Kenneth Lewis *vs.* Madeleine C. Allard.

Kenneth Lewis *vs.* Edward T. Allard.

Evelyn G. Lewis *vs.* Edward T. Allard.

MAY 17, 1971.

Present: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

Paolino, J. These four cases were brought by Evelyn G. Lewis and her husband, Kenneth Lewis, to recover for personal injuries suffered by Mrs. Lewis and consequential damages sustained by Mr. Lewis as the result of an automobile accident caused by the alleged negligence of the defendant, Madeleine C. Allard, while operating an automobile owned by the defendant, Edward T. Allard, her husband. The cases, which were consolidated for trial,

were heard before a justice of the Superior Court sitting with a jury and resulted in a verdict of $30,000 for Mrs. Lewis and $2,500 for her husband. The defendants filed motions for new trials. The trial justice denied the motions in the cases brought by Mrs. Lewis, granted the motions in the cases brought by Mr. Lewis conditioned upon a remittitur by Mr. Lewis of all amounts above $2,100, which Mr. Lewis accepted. The cases are before us on the defendants' appeals from the judgments entered in the Superior Court.[1]

These cases result from an accident that occurred on September 18, 1963, at the intersection of Sneech Pond Road and Diamond Hill Road in the Town of Cumberland. The plaintiff, Evelyn G. Lewis, was alone operating her automobile when it collided with an automobile operated by defendant, Madeleine C. Allard, and owned by her husband. In view of our decision with respect to defendants' contention under point I of their brief, we do not deem it necessary to discuss in detail the conflicting evidence as to how the accident happened. It suffices here merely to point out that the evidence on the question of liability is in direct conflict, that the jury returned verdicts for the plaintiffs, and that the judgments entered pursuant to the verdicts were sustained by the trial justice, except that in the husband's cases the trial justice granted defendants' motions for new trials conditioned upon a remittitur, which Mr. Lewis accepted.

The defendants have briefed and argued their reasons of appeal under seven main points. Under point I they contend that the trial justice committed prejudicial error in refusing to pass the cases when testimony was adduced

---

[1]These actions were commenced prior to January 10, 1966, the effective date of the new Rules of Civil Procedure of the Superior Court. However, they were tried after such date and follow the procedures set forth in the new rules.

indicating that defendants had insurance coverage and also in failing to instruct the jury at that time or at any time thereafter with respect to the mention of insurance. On the view we take there is merit to this contention, *Harrod* v. *Ciamciarulo,* 95 R. I. 504, 188 A.2d 459, and *Lavigne* v. *Ballantyne,* 66 R. I. 123, 17 A.2d 845. Since our determination of this issue is dispositive of these appeals, it is necessary for us to consider only this question.

The issue raised in point I arose in the following context. The plaintiffs called the defendant, Madeleine C. Allard, as an adverse witness. During her direct examination, plaintiffs' counsel was pursuing a line of questioning to establish a foundation for the introduction of a prior inconsistent statement into evidence in order to impeach the credibility of Mrs. Allard's testimony:

"108 Q Mrs. Allard, I'm sorry, do you recall having given any other statement or talking to anyone about how the accident happened?

A I talked to Mr. Zucker.

"109 Q Did you talk to any investigators?
The Court: Yes or no.
The Witness: Any who?

"110 Q Investigators, did you give anybody else a statement?

A My insurance man came I think.
Mr. Zucker: Motion Your Honor please.
The Court: Motion denied.
Mr. Zucker: It was asked, Your Honor . . .
The Court: I told the lady to answer the question Yes or No, proceed with the case.

"111 Q Mrs. Allard, did you give a statement to some man who came around to ask questions about the accident?
The Court: Yes or No.
The Witness: Yes."

The plaintiffs' counsel then proceeded to question the

witness further about the statement given to the investigator.

It is undisputed that the trial justice gave no cautionary instruction to the jury about the mention of the word "insurance" either during the preceding line of questioning or in his charge to the jury. In fact, it appears from the transcript that he refused to allow defendants' counsel to say anything about the incident, since after noting that he told the witness to answer yes or no, he directed counsel to proceed with the case.

In a case such as this, even assuming that where reference to liability insurance is purely accidental and not intentionally sought or made, it is the duty of the trial justice, upon complaint being made, to free the evidence of such matter, if possible, with proper warning to the jury, either at the time the reference to insurance is made or in the charge to the jury at the conclusion of the trial, to insure that defendant is not prejudiced by the reference. It then becomes his duty to determine whether, under all the circumstances then before him, the jury, notwithstanding such reference to insurance and *instructions to disregard it,* can reasonably be expected to return a verdict based solely on the evidence in the case, uninfluenced by such reference. If he cannot fairly reach this conclusion, he ought to pass the case. *Harrod* v. *Ciamciarulo, Lavigne* v. *Ballantyne,* both *supra.* We hold that in the circumstances his failure to pass the case or to give a cautionary instruction to the jury about the mention of the word "insurance" constituted prejudicial error.[2]

---

[2] We are satisfied that even though the defendant herself mentioned the word insurance, she did not do so intentionally for the purpose of causing a mistrial.

538

The defendants' appeals are sustained, and the cases are remitted to the Superior Court for a new trial.

Motion to reargue denied.

*Edwards & Angell, Stephen A. Fanning, Jr., Deming E. Sherman,* for plaintiffs.

*Martin M. Zucker,* for defendants.