330 A.2d 76.

MARY COCHRAN *et al. vs.* ROBERT L. DUBE, SR. *et al.*

JANUARY 8, 1975.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

ROBERTS, C. J. This is a civil action for negligence to recover damages for injuries alleged to have been sustained by the plaintiffs as a result of a motor vehicle collision at the intersection of Newport and Beverage Hill Avenues in the city of Pawtucket. The case was tried to a jury in the Superior Court and resulted in verdicts awarding damages to each of the plaintiffs. The defendants' subsequent motion for a new trial was denied, and they now prosecute an appeal to this court.

It appears from the record that plaintiff Mary Cochran was operating her motor vehicle north on Newport Avenue. In her car as passengers were her three minor children and two other minors, namely, Denise and Ann Marie Bonetti. She testified that as she was making a left turn into Beverage Hill Avenue, a vehicle being operated in a southerly direction on Newport Avenue by Robert L. Dube, Jr., came into collision with the right side of her car.

The defendants contend, among other things, that the trial justice erred in denying their motion to pass the case on the ground that they had been prejudiced by refer-

ences on plaintiffs' part to the fact that defendants were insured by Travelers Insurance Company. An examination of the transcript discloses that during direct examination one of defendants was asked whether he had been treated by a doctor for his injuries after the accident. The defendant answered: "Yes, several weeks later through Travelers Life Insurance I went to doctor, this doctor."

. Thereafter, during cross-examination, plaintiffs' counsel inquired of the doctor whether defendant had come to him for treatment "because * * * Travelers Insurance Company sent him to you." The defendants immediately moved to pass the case, but the court neither ruled thereon nor gave the jury a cautionary instruction. Again, plaintiffs' counsel asked the doctor if a report on defendant's condition had been sent to "Travelers Insurance Company." Again, defendants' motion to pass was held in abeyance.

It further appears that in arguing to the jury plaintiffs' counsel told the jurors that the case was not "Bonetti versus the Dubes, it was Bonetti versus the all powerful Travelers Insurance Company." He also told the jury that Travelers Insurance Company had manipulated the witnesses.

After the jury had retired for its deliberations, the court heard and denied defendants' motion to pass the case. We attach significance to the fact that, in denying defendants' motion to pass, the court appears to have confirmed that plaintiffs' counsel made such a remark to the jury during his summation. The court in denying the motion noted that the insurance company had represented defendants in their cross action and stated with respect to the statements made by plaintiff to the jury: "* * * I think it's quite clear that the plaintiff had a right to argue this to the jury."

It is the settled law in this state that a motion to pass a case because of references to the defendant's insurance company must be granted when it appears that such reference caused influential prejudice in the minds of the jurors which rendered them incapable of reaching a fair and impartial verdict when considering the cause of the actual parties at bar. *Lewis* v. *Allard,* 108 R. I. 534, 277 A.2d 744 (1971); *Harrod* v. *Ciamciarulo,* 95 R. I. 504, 188 A.2d 459 (1963); *Lavigne* v. *Ballantyne,* 66 R. I. 123, 17 A.2d 845 (1941). The rule is intended to discourage inquiry into a defendant's indemnity in a manner calculated to influence the jury. It is applicable only where, in all the circumstances, it cannot be reasonably concluded that the jury could ignore or disregard such references to an insurer. It follows that the mere mention of insurance in the course of a trial is not per se a ground for passing the case. In appropriate circumstances such reference may well be cured by a timely cautionary instruction sufficient to offset the development of prejudice in the minds of the jurors. *Lewis* v. *Allard, supra* at 534, 277 A.2d at 746; *Harrod* v. *Ciamciarulo, supra* at 506, 188 A.2d at 460.

We turn, then, to the question of whether in the instant case the references by the plaintiffs to insurance so irreparably prejudiced the defendants as to require a new trial. It is to be conceded that most operators of motor vehicles procure insurance and that this is a matter of common knowledge of which a court may take judicial notice. *Broadway Auto Sales, Inc.* v. *Asselin,* 93 R. I. 403, 176 A. 2d 714 (1961). That being so, an insured defendant can hardly be irreparably prejudiced by a mere casual or unintentional reference to his insurance. However, in the instant case we find inescapable the conclusion that the repeated inquiries by the plaintiffs' counsel in his questioning of the witnesses and during his summation to the jury had the cumulative effect of generating a pervasive

prejudice in the minds of the jurors. Had the trial justice, in response to the initial objections of the defendants to these references, given the jury a cautionary instruction adequate to offset such prejudice, a new trial might not necessarily be ordered. However, because such action was not taken upon the motion to pass, the plaintiffs' counsel was enabled to make such references to insurance during his summation to the jury, which had an undeniable prejudicial effect. Neither does the record disclose that the trial justice attempted to ameliorate the potential prejudice of such remarks by including a cautionary instruction in his charge to the jury. In such circumstances, we agree with the defendants that the jury could not escape being prejudiced. It follows therefrom that a new trial must be ordered, and in that circumstance no useful purpose would be served by considering other contentions of error pressed by the defendants.

The defendants' appeal is sustained, the judgment appealed from is reversed, and the case is remanded to the Superior Court for further proceedings in accordance with this opinion.

*John F. McBurney*, for plaintiffs.

*Keenan, Rice, Dolan & Reardon, Roderick A. J. Cavanagh*, for defendants.