STATE

v.

Thomas A. JAMES.

No. 88–237–C.A.

Supreme Court of Rhode Island.

April 18, 1989.

James E. O'Neil, Atty. Gen., Caroline Cole Cornwell, Annie Goldberg, Asst. Attys. Gen., for plaintiff.

Kathleen Managhan, Joseph T. Houlihan, Corcoran, Peckham & Hayes, Newport, for defendant.

## OPINION

SHEA, Justice.

The defendant, Thomas A. James, was convicted by a Superior Court jury on Feb-

ruary 15, 1988, on three counts of second-degree child molestation sexual assault of his daughter. The defendant was acquitted of the sexual-contact charges in regard to another daughter. On March 31, 1988, defendant was sentenced to serve ten years at the Adult Correctional Institutions, three years suspended, on each of the three counts, with the sentences to run concurrently. The defendant's motions for new trial and for bail pending appeal were denied. We reverse.

The events that gave rise to this case occurred in the first few months of 1986. The defendant's two daughters, ages seven and five, lived with their mother, defendant's former wife, in Portsmouth, Rhode Island. The two parents agreed to visitation rights in which defendant picked up the children and spent Sunday afternoons with them. The children ate out for lunch and dinner with their father and spent the afternoon at his apartment.

The seven year old alleged that on two separate visits in early 1986, her father touched her in places she did not want to be touched. On one visit defendant rubbed her chest with his hands and touched between her legs while she was sitting on his lap in the living room. She said she told her father to stop. She testified that on the next visit defendant rubbed her chest and between her legs and placed his finger in her bottom while she and defendant were in his bedroom. She testified that she screamed, started crying, and went into the bathroom. After the second incident she told her mother about the touchings. The mother spoke to defendant about the child's statements, but he denied any inappropriate touching.

The next day at school the girl told her teacher that her father had touched her where she did not want to be touched. The teacher reported this information to the Department of Children and Their Families (DCF). That evening DCF sent a child investigator to interview the child at her home.

The defendant testified that during the period in question his relationship with his former wife was very strained owing to several disagreements. The defendant also asserted that his cotenant, Shawn Donnelly, had been in the apartment during all the visits in question. The defendant asserted that the children used to love to play and be tickled but denies ever touching his children for his own sexual gratification or with sexual intent.

Donnelly testified that he was at home on all the visits in question and that he never noticed anything unusual about the children. On cross-examination he said it was possible he had stepped out of the house for a cup of coffee during one of the visits. Valerie Bissell, a neighbor, testified that the children visited with her each Sunday and that she did not notice anything unusual about the children during the visits in question.

■ The defendant argues that the trial justice erred in declining to pass the case following a comment made by a prospective juror. During voir dire one of the prospective jurors, Susan G. Couture, a dental assistant in the office of a dentist who had treated the mother and the two daughters, said, in the hearing of the rest of the jury panel, that she had mixed feelings about the case. The trial justice asked Ms. Couture whether she would be prejudiced by her association with the children and their mother. Ms. Couture responded, "I have seen the change in the children." The trial justice excused Ms. Couture from the jury panel and denied defendant's motion to pass the case, without comment or inquiry of the remaining panel members about whether the comment would affect their impartiality. In our opinion this comment was presumptively prejudicial. *See State v. Carmody*, 471 A.2d 1363, 1366 (R.I. 1984). At this point it would have been appropriate for the trial justice to excuse the panel or, in the alternative, to question the panel to determine whether Ms. Couture's comment prejudiced the jury and to give a cautionary instruction to the panel to quell any possible prejudice caused by Ms. Couture's remark. In *State v. Carmody*, 471 A.2d at 1366, we held that the unsworn testimony of a juror regarding a fact relevant to the determination of an

issue before the jury is misconduct and requires the granting of a new trial unless no prejudice resulted, beyond a reasonable doubt. In this case no action was taken by the trial justice.

■ The defendant next argues that the trial justice erred in denying his motion to pass because of unsolicited comments made by a witness. The mother was questioned on direct examination about a visit to her house by Michael Vieria, an employee of DCF. She testified that after speaking with Mr. Vieria, she called DCF. The prosecutor then asked the mother if she contacted DCF the same evening that she spoke with Mr. Vieria. She responded, "After he [Mr. Vieria] talked with me he said it was a classic case of child abuse." The trial justice granted defendant's motion to strike this unsolicited, prejudicial comment and instructed the jury to disregard the answer but made no further comment. Given the highly sensitive nature of a child-abuse case, this incident called for a more complete cautionary instruction that would impress upon the jurors their responsibility not to be affected by this highly prejudicial remark. And if the trial justice was not reasonably certain that the jury could overlook the comment, he would have to grant defendant's motion to pass.

■ Finally, defendant alleges that the trial justice erred in allowing the prosecutor to question defendant on cross-examination regarding the truthfulness of his daughters. During cross-examination the following colloquy took place between the prosecutor and defendant:

"Q. Do you consider your daughters intelligent?

"A. Certainly.

"Q. But you don't consider them truthful, isn't that true?

"A. In what respect?

"Q. You heard their testimony, did you not?

"A. Yes, I did.

"Q. You are denying what they testified to, are you not?

"A. That's correct.

"Q. I will ask you again, do you consider your daughters truthful?

"A. I don't see what you are trying to lead at."

The prosecution pursued this line of questioning several more times, over defendant's objections. With few exceptions, it is improper to require a witness to comment on the credibility of another witness. A witness's opinion about the truth of the testimony of another witness is not permitted. Neither expert nor lay witnesses may testify that another witness or a defendant is lying or faking. That determination is within the exclusive province of the jury. *See State v. Correra*, 430 A.2d 1251, 1255 (R.I.1981). This cross-examination was argumentative. The defendant's objection to this cross-examination should have been sustained, and a cautionary instruction should have been given.

■ In reviewing a motion to pass based on allegedly prejudicial remarks, the trial justice must grant the motion if the remarks are ineradicable or inexpiable. If the prejudice can be cured, the trial justice must give timely and effective instructions. *State v. DeLaurier*, 533 A.2d 1167, 1171 (R.I.1987). Whether a statement is prejudicial is determined on an ad hoc basis, by examining the remark in its factual context. *Id.* at 1171–72. The trial justice must determine whether the remark "so inflames the passions of the jury as to prevent their calm and dispassionate examination of the evidence." *State v. Brown*, 522 A.2d 208, 211 (R.I.1987). However, once a complaint of prejudice has been made, the trial justice must dispel any possible prejudice with a warning or cautionary instruction. *State v. Carmody*, 471 A.2d at 1366.

■ It is of the utmost importance that a jury's decision remain uninfluenced by inadmissible evidence insofar as it is possible to make it so. *See Lavigne v. Ballantyne*, 66 R.I. 123, 126, 17 A.2d 845, 846 (1941). Although each one of these incidents might not have appeared to the trial justice, at the time, to warrant granting the defendant's motions to pass, our review of the record leads us to the conclusion that their

cumulative effect denied the defendant a fair trial.

For these reasons the defendant's appeal is sustained, the judgment appealed from is vacated, and the case is remanded to the Superior Court for a new trial.