In re ANNIE'S, INC., a/k/a, d/b/a Annie's Professional Dry Cleaning & Laundry, and Annie's, Debtor.

Bankruptcy No. 96–12318.

United States Bankruptcy Court, D. Rhode Island.

Sept. 11, 1996.

Gregory Hamilton, Providence, RI, for Debtor.

Jeffrey Michaelson, Providence, RI, for David Rivera.

Gerald DeMaria, Providence, RI, for Peerless Insurance Co.

*ORDER DENYING MOTION FOR RELIEF FROM STAY*

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Heard on August 21, 1996, on the Objection of David Rivera, an alleged creditor, to the motion of Peerless Insurance Company for Relief from the Automatic Stay. Peerless argues that it should be allowed to proceed with a declaratory judgment action pending against the Debtor in the Federal District Court for the District of Rhode Island. While Peerless' argument is strategically understandable, we find for the reasons stated below, that its position, on either legal or equitable grounds, is not well taken at this time. Therefore, Peerless' motion for relief from stay is denied, without prejudice.

*BACKGROUND*

On June 24, 1994, Derek Gagnon, an employee of the Debtor, was involved in a motor vehicle accident allegedly caused by his negligence, and arising out of and in the course of his employment with Annie's, Inc. Several people were injured, including David Rivera, one of the objectors herein. Peerless denies coverage, and is seeking a declaratory judgment in the District Court that it is not liable under its policy with Annie's. Also pending in the Federal District Court is an action by David Rivera against Annie's for the personal injuries allegedly caused by Annie's agent. On July 22, 1996, Annie's filed a Chapter 11 case, staying both District Court actions.

Peerless argues that its declaratory judgment action is ready for hearing and that it

should be allowed to proceed because "it is anxious to resolve the coverage dispute" and that it "is in the best interest of all parties" to resolve this (coverage) issue promptly. The Debtor represents that it is financially unable to defend the declaratory judgment action and that Peerless would win its coverage argument by default, if the stay is lifted. The Debtor also argues that a finding of *no coverage,* and then a damage award against it would result in the conversion of this reorganization case to Chapter 7, as the business has neither the ability nor the resources to pay a substantial personal injury claim. David Rivera argues that under Rhode Island law, R.I. Gen.Laws § 27–7–2.4, he is entitled to name Peerless as the Defendant in his pending lawsuit, or he can sue Peerless in a separate action. Either way, he argues, Peerless can raise its policy defenses, the chips will fall where they may, *after* hearing, and no one will be legally prejudiced. Rivera contends that as the real party-in-interest, he is the one who will suffer irreparable harm if Peerless is granted relief from stay and the Debtor defaults in the declaratory judgment action. There is also, of course, the ultimate harm to the Chapter 11 trade creditors that would likely be caused by the lifting of the stay, i.e. conversion of the Debtor's reorganization effort to a no asset Chapter 7 case.

## DISCUSSION

■ Peerless is seeking relief from stay "for cause," under 11 U.S.C. 362(d)(1). "Where neither prejudice to the bankruptcy estate nor interference with the bankruptcy proceeding is demonstrated, the desire of a stayed party to proceed in another forum is sufficient cause to warrant lifting the automatic stay." *Carter v. Larkham (In re Larkham),* 31 B.R. 273, 276 (Bankr.D.Vt. 1983); *see also In re Newport Offshore, Ltd.,* 59 B.R. 283, 285 (Bankr.D.R.I.1986). On the facts before us, it is abundantly clear that if the stay is lifted there will be both practical and legal prejudice to the Debtor, to the

estate, and the creditors. The Debtor represents that due to its weak financial condition, it would not be able to defend against the declaratory judgment action.[1] Peerless would win the coverage issue by default and the personal injury claimants would be frustrated in their ability to realize a monetary recovery against a bankrupt defendant.[2] The only fair and reasonable course is for Peerless to present its policy (and other) defenses in David Rivera's personal injury action, where it will confront the true party in interest. The only disadvantage to Peerless is possibly some delay[3] in resolving the coverage issue, and when balanced against the potential financial harm to the personal injury claimants, it is an easy call that the relief sought by Peerless must be denied, *at this time.*

Accordingly, Peerless' Motion for Relief from Stay is DENIED, without prejudice. The automatic stay is modified, however, to allow David Rivera to proceed *with dispatch* in the Federal District Court with his personal injury claim, substituting Peerless as the defendant in that action, and only to the extent that said claim is covered by insurance. Peerless (or either party for that matter) may seek reconsideration of this order if, contrary to present expectations, the Rivera lawsuit does not proceed as expected.

---

1. This allegation has not been challenged by Peerless.

2. Peerless contends that the personal injury claimants sustained "serious personal injuries." If the policy is found to apply to this accident, there could be coverage up to $1 Million dollars.

3. We understand that the District Court is handling its caseload in a very timely fashion, and that Peerless will not be unreasonably delayed in ascertaining whether it must provide coverage for Rivera's claim.