**PEERLESS INSURANCE COMPANY**

v.

**David RIVERA and Annie's, Inc.**

No. 96–625–T.

United States District Court,
D. Rhode Island.

May 8, 1997.

Gerald C. DeMaria, Stephen B. Lang, Higgins, Cavanagh & Cooney, Providence, RI, for Appellant Peerless Ins. Co.

Jeffrey S. Michaelson, Michaelson & Michaelson, Providence, RI, for Appellee David Rivera.

Gregory W. Hamilton, Providence, RI, for Debtor Annie's Inc.

## MEMORANDUM AND ORDER

### Introduction

TORRES, District Judge.

Peerless Insurance Co. ("Peerless") has appealed from an order of the Bankruptcy Court denying Peerless' motion for relief from the automatic stay provision contained in 11 U.S.C. § 362(a)(1). The stay prevents Peerless from prosecuting a declaratory judgment action against the debtor, Annie's, Inc. ("Annie's") in which Peerless seeks a determination that a liability insurance policy issued to Annie's affords no coverage for claims arising out of a motor vehicle accident allegedly caused by the negligence of one of Annie's employees.

Because I find that there is "cause" to lift the stay the order of the Bankruptcy Court is vacated and Peerless' motion for relief is granted.

### Facts

Annie's, Inc., is a Rhode Island corporation. On June 24, 1994, Derek Gagnon, an employee of Annie's, was driving a motor vehicle owned by Gary Krysta, the proprietor of Annie's. The Gagnon vehicle was involved in a collision in which four people were injured. Two of the injured individuals, David Rivera and Michael Jones, have sued Gagnon, Annie's and Krysta for negligence. Rivera's suit is pending before another judge of this Court and Jones' suit is pending in the Rhode Island Superior Court. Since the statute of limitations has not yet expired, additional suits may be filed by the other individuals injured.

At the time of the accident, Annie's was the named insured in a liability insurance policy issued by Peerless. However, Peerless brought a declaratory judgment action alleging that the policy provides no coverage for this accident because the vehicle involved was owned by Krysta. The judge to whom the declaratory judgment was assigned is the same judge presiding over the Rivera case.

The day before trial of the declaratory judgment action was scheduled to begin, it was automatically stayed when Annie's filed a petition under Chapter 11 of the Bankruptcy Code. See 11 U.S.C. § 362(a)(1). Peerless, then, moved the Bankruptcy Court, pursuant to 11 U.S.C. § 362(d), for an order granting relief from the stay. That motion was denied, In re Annie's, Inc., 201 B.R. 29 (Bankr.D.R.I.1996), precipitating this appeal.

### Standard of Review

A bankruptcy court has considerable discretion in deciding whether to grant or

deny relief from the automatic stay provision of § 362 and its decision should be disturbed only if there is an abuse of that discretion. *In re Soares*, 107 F.3d 969, 973 n. 4 (1st Cir.1997); *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 814 F.2d 844, 847 (1st Cir.1987); *In re Holtkamp*, 669 F.2d 505, 507 (7th Cir.1982). To the extent that abuse of discretion conjures up images of opprobrious conduct, it is a misnomer. A bankruptcy court abuses its discretion when its decision exceeds the bounds of sound discretion or is based upon clearly erroneous findings of fact or incorrect law. *See* Daniel R. Cowans, Bankruptcy Law and Practice § 34.23 (1994); *see also In re Cox*, 41 F.3d 1294, 1296 (9th Cir.1994) (reviewing decision not to discharge for abuse of discretion). Generally speaking, abuse of discretion occurs when a court ignores important and relevant factors in making its decision, considers improper factors, or errs in balancing factors that were properly considered. *Ross–Simons of Warwick, Inc. v. Baccarat Inc.*, 102 F.3d 12, 16 (1st Cir.1996).

A bankruptcy court's findings of fact are reviewed under a clearly erroneous standard, *In re LaRoche*, 969 F.2d 1299, 1301 (1st Cir.1992) (citing Fed. R. Bankr.P. 8013), and may be rejected only if the reviewing court has a "definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948). A bankruptcy court's conclusions of law, on the other hand, are subject to *de novo* review. *LaRoche*, 969 F.2d at 1301.

The clearly erroneous standard also applies to mixed questions of law and fact except that the bankruptcy court's factual findings are carefully scrutinized to ensure that they are not infected by errors of law. *Juno SRL v. S/V Endeavour*, 58 F.3d 1, 4 (1st Cir.1995). Thus, factual findings based upon an incorrect application of controlling legal principles are not entitled to the deference accorded by the clearly erroneous standard. *Id.*

## *Discussion*

■ Section 362(d)(1) permits a "party in interest" to obtain relief from the Bankruptcy Code's automatic stay provision "for cause." 11 U.S.C. § 362(d)(1). The statute does not define "cause"; but, generally speaking, "cause" is said to exist when the harm that would result from a continuation of the stay would outweigh any harm that might be suffered by the debtor or the debtor's estate if the stay is lifted. *In re Turner*, 161 B.R. 1, 3 (Bankr.D.Me.1993). Determining whether "cause" exists requires a fact intensive inquiry that must be made on a case by case basis. *In re Tucson Estates, Inc.*, 912 F.2d 1162, 1166 (9th Cir.1990).

■ Courts have identified a number of factors to be considered in making that determination. *See In re Unanue–Casal*, 159 B.R. 90, 95–96 (D.P.R.1993), *aff'd*, 23 F.3d 395 (1st Cir.1994) (listing twelve factors). Four factors that are especially applicable in this case are:

1. the harm to the party seeking relief from the stay (i.e., Peerless) if the stay is not lifted;

2. the harm to the debtor (i.e., Annie's) if the stay is lifted;

3. the interests of creditors; and

4. the effect on the fair and efficient administration of justice.

### I. *The harm to Peerless*

■ The Bankruptcy Court found that the "only" harm suffered by Peerless as a result of the stay was a delay in obtaining resolution of the coverage in question, a harm that it characterized as relatively slight. *In re Annie's*, 201 B.R. at 30. In making that finding, the Bankruptcy Court overlooked the fact that the stay also will require Peerless to defend against multiple lawsuits filed by the personal injury claimants and will expose Peerless to the attendant risk of inconsistent verdicts on the issue of coverage.[1]

Under Rhode Island law, when an alleged tortfeasor files a bankruptcy petition, an action may be brought directly against the tortfeasor's insurance carrier. R.I. Gen.

---

1. The omission may be attributable to the fact that Peerless first raised the issue in its supplemental memorandum that was filed after the hearing on Peerless' motion had been held.

Laws § 27–7–2.4. Consequently, in this case, each of the four personal injury claimants may sue Peerless. Furthermore, one of the issues that would be presented in those cases would be whether Peerless' policy affords coverage to Annie's. Since any resolution of the coverage issue that is made in one case would not be binding on claimants in the other cases, Peerless may be required to litigate that issue four times with possibly differing results.

The problem is compounded by the fact that the apparent lack of identity or privity between Annie's and the claimants makes it unlikely that Annie's, would be bound by any determination that no coverage exists. *See E.W. Audet & Sons, Inc. v. Firemen's Fund Ins. Co.,* 635 A.2d 1181, 1186 (R.I.1994) (for collateral estoppel to apply, there must be 1) identity of issues; 2) final judgments on the merits; and 3) identity of parties or privity between parties). Thus, Peerless could be required to litigate the issue, again, with Annie's or its trustee.

These burdens and risks are substantial and can be eliminated by allowing the declaratory judgment action to proceed against Annie's. Such a course of action would permit the coverage dispute to be resolved in a single proceeding and in a way that binds all parties.

Parenthetically, it should be noted that refusing to lift the stay prejudices Peerless by requiring it to litigate the coverage question in the context of a suit in which it is a named defendant. Ordinarily, the subject of insurance coverage may not be injected into tort actions because the law recognizes its potential to taint the determination with respect to liability. *See* Fed.R.Evid. 411; *Cochran v. Dube,* 114 R.I. 149, 330 A.2d 76, 78 (1975) ("The rule is intended to discourage inquiry into a defendant's indemnity in a manner calculated to influence the jury."). Accordingly, such actions, generally, must be brought against the insured rather than the insurer. *See* R.I. Gen. Laws § 27–7–2 (provision establishing that injured parties, in actions against insured, "shall not join the

insurer as a defendant"); *Lavigne v. Ballantyne,* 66 R.I. 123, 17 A.2d 845, 847 (1941) ("Section 27–7–21 was intended to make certain that the jurors would decide the case against an insured defendant on its merits as shown only by proper evidence. . . .").

Section 27–7–2.4 creates an exception to that rule in cases where the insured is a bankrupt. The apparent purpose of the statute is to permit a claimant to pursue a claim even though the alleged tortfeasor is insulated from suit by the Bankruptcy Code's automatic stay.

In this case, that purpose would be served and the prejudice of a direct action would be minimized by allowing the declaratory judgment action to proceed. If coverage exists there would be no reason to prevent the injured parties from pursuing their claims against Annie's because the burden of defending and satisfying any judgment would fall upon Peerless. On the other hand, a determination that there is no coverage would dispose of the actions against Peerless.

## II. The harm to Annie's

The Bankruptcy Court found that, if the stay is lifted, Annie's would be prejudiced, because Annie's "represents" that it lacks the financial resources to defend the declaratory judgment action and, therefore, Peerless would win on the coverage issue by default. That finding does not appear to take into account that pretrial preparation for the declaratory judgment action has been completed and all that remains is the trial, itself, which counsel indicate would be relatively simple and brief.

Furthermore, there is little or no factual basis for Annie's "representation" that it lacks sufficient assets to bear the relatively modest cost of trying the declaratory judgment action. On the contrary, Annie's concedes that it is not insolvent, that it operates at a small profit[2] and that its bankruptcy petition rests on its *contingent* liability to the personal injury claimants. *See In re The Bible Speaks,* 65 B.R. 415, 428 (Bankr.

---

**2.** Annie's most recent corporate income tax returns reveal that it is a marginally profitable

business.

D.Mass.1986) (pending civil suit against debtor is, by itself, sufficient reason for Chapter 11 filing); *In re Johns–Manville Corp.,* 36 B.R. 727, 740 (Bankr.S.D.N.Y.1984) (sustaining Chapter 11 petition filed because of pending asbestos-related tort claims against debtor).

Finally, even if Annie's does not continue defending the declaratory judgment action, it is unlikely that Peerless will win by default. The injured claimants have a vital interest in resisting Peerless' bid for a declaratory judgment because it is apparent that any judgments they obtain can be satisfied only from the policy proceeds. Indeed, Rivera, through very able counsel, already is seeking to intervene in the declaratory judgment action and has given every indication that he is fully prepared to vigorously contest Peerless on the coverage issue. Although intervention in that case is not a question for this Court to decide, it is difficult to see any reason why, under these circumstances, Rivera and any other personal injury claimants who so desire, should not be permitted to intervene in that case.

In short, it appears that the filing of Annie's bankruptcy petition on the eve of trial stems from a tactical decision to delay or avoid resolution of the coverage issue rather than from any presently existing financial hardship.

### III. The interests of creditors

The Bankruptcy Court concluded that, if the stay is lifted, "there will be both practical and legal prejudice...to the estate and the creditors" and the judge observed that, if Peerless prevails by default in the declaratory judgment action, the personal injury claimants would be unable to satisfy any judgments they might obtain. *Annie's, Inc.,* 201 B.R. at 30.

As already noted, there is little likelihood that Peerless will prevail, by default, in the declaratory judgment action. Moreover, it is difficult to see any other way in which creditors would be prejudiced if the stay is lifted. The interests of creditors, in general, and the personal injury claimants, in particular, are not affected by whether the coverage question is decided in Peerless' declaratory action

or in separate tort suits. Rather, they are affected by how that question is decided.

Obviously, a determination that coverage exists would benefit the personal injury claimants by making the policy limits available to satisfy any judgment that they might obtain. The full or partial satisfaction of those claims also would benefit the estate and other creditors by either allowing Annie's to emerge from bankruptcy; or, by significantly reducing the obligations to be satisfied from the estate's assets.

Since resolution the coverage issue turns on facts that are more readily available to Annie's than to the personal injury claimants, Annie's participation would increase the likelihood of a determination that coverage exists. Consequently, if anything, the interests of general creditors would be better served by allowing the declaratory judgment action to proceed. Moreover, if the personal injury claimants are permitted to intervene, they will suffer no prejudice because, otherwise, they would be required to litigate the coverage question in separate actions. Indeed, by resolving the coverage issue via a declaratory judgment, the personal injury claimants could benefit from enhanced settlement prospects if they are successful; or, if they are unsuccessful, by avoiding the unnecessary expense of litigation with Peerless that would require the presentation of evidence with respect to liability and damages.

### IV. The fair and efficient administration of justice

The Bankruptcy Court did not address the effect that lifting or continuing the stay would have on the public interest in the fair and efficient administration of justice. In this case, the effect is considerable and it strongly militates in favor of granting Peerless' motion for relief from the stay.

As already noted, allowing the declaratory judgment action to proceed would remove the possibility of inconsistent verdicts. In addition, it would eliminate duplicative and needless litigation. It would prevent the coverage issue from being adjudicated in multiple suits in multiple fora. *See In re Johns–Manville Corp.,* 31 B.R. 965, 972–75

(S.D.N.Y.1983) (finding resolution of insurance coverage in a single proceeding to be an important factor in deciding whether to lift stay imposed by § 362).

Allowing the declaratory judgment action to proceed also could make it unnecessary to litigate the tort claims. As previously stated, an early determination that coverage exists would enhance the prospects of settling those claims. On the other hand, an early determination that no coverage exists would be dispositive of the direct actions against Peerless and would eliminate the need to litigate questions of liability and/or damages in those cases.

Finally, an early determination that coverage exists would eliminate or greatly diminish the contingent liability that precipitated Annie's Chapter 11 petition which, in turn, could permit an early termination of the bankruptcy proceeding, itself.

### *Conclusion*

For all of the foregoing reasons, I find that the Bankruptcy Court acted beyond the limits of its discretion in refusing to lift the stay. Therefore, the order of the Bankruptcy Court is vacated and Peerless' motion for relief from the stay is granted.

IT IS SO ORDERED.