In re William J. MONTGOMERY
Maria R. Montgomery,
Debtors.

No. 02–10944.

United States Bankruptcy Court,
D. Rhode Island.

Oct. 11, 2002.

**346**

David B. Hathaway, Warwick, RI, for debtors.

Nicholas Barrett, East Providence, RI, for creditor.

## ORDER DENYING MOTION FOR RELIEF FROM STAY

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Heard on the motion of HomEq Servicing Corporation ("HomEq") for relief from the automatic stay, and for leave to file an action in state court to reform HomEq's mortgage on the Debtors' principal residence. HomEq acknowledges that its mortgage is not in default and is fully enforceable and valid, but complains that it does not contain the conventional statutory power of sale [1] which under Rhode Island law allows foreclosure without first having to go through a judicial proceeding. HomEq alleges that the absence of a power of sale is the result of mutual mistake, but offers nothing to suggest that the mortgage is anything other than a valid arm's length transaction.

The Debtors argue that the mortgage was negotiated, drafted, and executed with HomEq's predecessor-in-interest, that there is no mutual mistake, and that allow-

---

**1.** See R.I. Gen. Laws § 34–11–22.

**2.** Neither Section 362(d)(1) nor (d)(2) are mentioned in the papers, and the Movant makes only the most general reference to Section 362. This alone requires denial of the

ing the bank to proceed with this action will prejudice the Debtors and creditors to the extend that money available to fund the plan would have to be diverted to defend a lawsuit of, at best, questionable merit.

While it is unclear under which Code provision HomEq seeks relief, I assume it is Section 362(d)(1) which allows relief from stay "for cause." This is the assumption because none of the specific elements of Section 362(d)(2) are even alleged in the Motion.[2]

The statute does not define "cause"; but, generally speaking, "cause" is said to exist when the harm that would result from a continuation of the stay would outweigh any harm that might be suffered by the debtor or the debtor's estate if the stay is lifted. *In re Turner*, 161 B.R. 1, 3 (Bankr.D.Me.1993). Determining whether "cause" exists requires a fact intensive inquiry that must be made on a case by case basis. *In re Tucson Estates, Inc.*, 912 F.2d 1162, 1166 (9th Cir.1990).

*Peerless Ins. Co. v. Rivera*, 208 B.R. 313, 315 (D.R.I.1997). While there is no local guidance the Seventh Circuit has adopted a three-part test to determine if cause exists to lift the stay and allow a creditor to commence or maintain a state court action against a debtor. *See In re Fernstrom Storage and Van Co.*, 938 F.2d 731, 735 (7th Cir.1991). Under *Fernstrom*, cause is determined by inquiring whether:

a) Any great prejudice to either the bankrupt estate or the debtor will result from continuation of the civil suit,

---

motion, but in addition, for the substantive reasons discussed herein, relief is denied because of HomEq's failure to establish a *prima facie* basis for relief.

b) the hardship to the [non-bankrupt party] by maintenance of the stay considerably outweighs the hardship to the debtor, and

c) the creditor has a probability of prevailing on the merits.

*Id.*

■ Using this test, HomEq has failed to establish cause under Section 362(d)(1), or under *any* part of the Code. Also, the Debtors and the Chapter 13 Trustee are justly concerned over the cost associated with the litigation contemplated by the creditor if the stay is lifted, and HomEq has not alleged any prejudice by the continuance of the stay.

As for the merits of the dispute, the likelihood that the creditor will prevail is remote. To reform an agreement or to excuse performance due to mutual mistake, "it must appear that by reason of a mistake, common to the parties, their agreement fails in some material respect correctly to reflect their prior completed understanding.... A mutual mistake is one common to both parties wherein each labors under a misconception respecting the same terms of the written agreement sought to be canceled." *Dubreuil v. Allstate Ins. Co.,* 511 A.2d 300, 302–03 (R.I. 1986) (citations omitted); *see also Gray v. Water Street Corp. (In re American Shipyard Corp.),* 220 B.R. 734, 737 (Bankr. D.R.I.1998), and the creditor is required to prove mutual mistake by clear and convincing evidence. *Vanderford v. Kettelle,* 75 R.I. 130, 64 A.2d 483, 489 (1949). The mortgage in question was drafted and negotiated by the creditor's assignor, the Debtors disavow any notion of mutual mistake, and the creditor has alleged no facts upon which a reformation of the mortgage might be based. This is a no brainer which should not have been filed. The Motion for Relief from Stay is DENIED,

and the Debtors are allowed their costs and expenses.

Enter judgment in accordance with this Order.