**Thomas O. BANKS**

v.

**BOWEN'S LANDING CORP. et al.**

No. 93–324–Appeal.

Supreme Court of Rhode Island.

Jan. 20, 1995.

Kathleen Managhan, Joseph T. Houlihan, Newport, for plaintiff.

Thomas Kelly, Newport, for defendants.

## OPINION

WEISBERGER, Acting Chief Justice.

This case comes before us on the cross-appeals of the plaintiff, Thomas O. Banks, and the defendant Bowen's Landing Corp. from a judgment entered in the Superior Court holding Bowen's Landing Corp. liable to the plaintiff in the sum of $350,000 but denying liability in respect to the sole stockholder and principal officer of the corporation, David Kilroy. We affirm the judgment and deny both appeals. The facts of the case insofar as pertinent to these appeals are as follows.

During the night of July 11, 1983, and the early morning of July 12, 1983, Thomas O. Banks (Thomas), then nineteen years of age, was a patron at a restaurant and bar known as The Landing. This establishment was owned by defendant Bowen's Landing Corp. (Bowen's). At that time David Kilroy (Kilroy) was the sole stockholder and principal officer of Bowen's. He was not present at the establishment on the night in question. Thomas was accompanied by other family members and his sixteen-year-old girlfriend. At the time the legal drinking age pursuant to statute was twenty years of age. Thomas and other members of his party were served alcoholic drinks. Thomas testified that he was served eight twelve-ounce containers of beer and several drinks termed "Cape Codders," which include vodka, among other ingredients.

After consuming these beverages, Thomas told his companions that he decided to take a swim because the night was warm and he desired to cool off. He walked to the end of the wharf on which the outdoor bar was located and dove into the water, clearing a flotation dock. Tragically the water was shallow at this point, and Thomas struck his head on the bottom of the harbor and fractured his neck. As a result of this injury, Thomas was permanently partially paralyzed. It was stipulated by the parties that his damages totaled $500,000.

This accident was earlier considered by this court in respect to certain other defendants in their capacities as owners or occupiers of the wharf property. *See Banks v. Bowen's Landing Corp.*, 522 A.2d 1222 (R.I. 1987).

At the conclusion of plaintiff's evidence, defendants Kilroy and Bowen's each made a motion for a directed verdict. The motion was granted in respect to Kilroy but denied in respect to Bowen's. After the completion of all the evidence, Bowen's did not renew its motion for directed verdict.

A jury, answering special interrogatories, found Bowen's to be liable to Thomas on a common-law theory of negligence for 70 percent of the injuries sustained by Thomas. Applying instructions in respect to comparative negligence, the jury found Thomas 30 percent responsible for his own injuries. Consequently the jury rendered a verdict against Bowen's for $350,000. Both Thomas and Bowen's appealed from the judgment entered pursuant to the earlier direction in favor of Kilroy and from the judgment entered in favor of Thomas pursuant to the verdict.

Each party raises one issue in support of that party's appeal. We shall consider first the issue raised by Thomas and then the issue raised by Bowen's.

## I

### THE DIRECTION OF A VERDICT IN FAVOR OF KILROY

The plaintiff contends that the trial justice erred in directing a verdict in favor of Kilroy. He argues that as the principal officer and sole stockholder of the corporation Kilroy should have been personally responsible for the failure of the employees of Bowen's to enforce the statute then in effect prohibiting the sale of alcoholic beverages to a person under the age of twenty years. At least, Thomas argues, this question of liability should have been presented to the jury under our standard concerning the granting of directed verdicts.

■ On a motion for a directed verdict, the trial justice and this court must apply the same standards in determining whether there is a question to present to the jury. *Young v. Park*, 417 A.2d 889, 893 (R.I.1980). The trial justice must view the evidence in the light most favorable to the party against whom the motion is made and must also draw all reasonable favorable inferences in respect to that party's evidence, without considering the credibility of the witnesses or weighing the evidence. *Haxton's of Riverside v. Windmill Realty, Inc.*, 488 A.2d 723, 725 (R.I.1985). After applying this standard, if there are issues of fact upon which reasonable jurors might come to different conclusions, the trial justice must submit such issues to the jury for determination.

In the case at bar the trial justice concluded that it was undisputed that Kilroy was not present on the night during which Thomas was served the alcoholic beverages, and that he had not established a policy of serving alcohol to minors, and that, consequently, as a matter of law (assuming the doctrine of negligence applied) he was not personally responsible for the acts of the employees of Bowen's in serving such beverages during his absence.

■ Various jurisdictions have come to differing conclusions concerning the liability of an officer or a director of a corporation for injuries to third persons arising out of the conduct of other employees of the corporation. The case law is summarized reasonably well in W.A. Harrington, Annotation, *Personal Civil Liability of Officer or Director of Corporation for Negligence of Subordinate Corporate Employee Causing Personal Injury or Death of Third Person*, 90 A.L.R.3d 916, § 2 (1979):

"An officer or a director of a corporation is not, merely as a result of his standing as such, personally liable for torts of corporate employees; to incur responsibility he must ordinarily be shown to have in some way participated in or directed the tortious act. The above general principle has been upheld or recognized by the courts in the cases herein involving actions based on negligence of subordinate corporate employees resulting in the personal injury or death of third persons."

This court has not considered this precise question in our prior cases but has demonstrated a reluctance to pierce the corporate veil in order to establish responsibility in respect either to officers or to parent corporations in cases involving both tort and contract liability. *See, e.g., Miller v. Dixon Industries Corp.*, 513 A.2d 597 (R.I.1986); *Parrillo v. Giroux Co.*, 426 A.2d 1313 (R.I.1981); *Alterio v. Biltmore Construction Corp.*, 119 R.I. 307, 377 A.2d 237 (1977).

The general rule is recognized even in some jurisdictions wherein liability has been extended to officers on the basis of their participation in the wrongful act. *See McDonald v. Frontier Lanes, Inc.*, 1 Ill.App.3d 345, 357–58, 272 N.E.2d 369, 377 (1971); *Snow v. Capitol Terrace, Inc.*, 602 A.2d 121 (D.C.Ct.App.1992). In the case at bar the trial justice, after examining the evidence in the case, concluded that there was no evidence which would support a finding that Kilroy affirmatively established a policy of serving alcoholic beverages to minors and no indication that he was aware of or tolerated such conduct on the part of the manager of the establishment or such subordinate employees as the bartender and the waitress.

At the time of the events that gave rise to this action, the Rhode Island dram-shop statute was quite different from the statute presently in force and made no provision for an action that might be brought on the part of an intoxicated person who voluntarily ingested alcohol. G.L.1956 (1976 Reenactment) § 3–11–1. The statute then in force read as follows:

> "Liability of furnisher of beverages for injuries by intoxicated persons.—If any person in a state of intoxication commits any injury to the person or property of another, the person who furnished him with any part of the beverage which occasioned his intoxication, if the same was furnished in violation of this title, shall be liable to the same action by the party injured as the person intoxicated would be liable to; and the party injured, or his or her legal representative, may bring either a joint action against the person intoxicated and the person who furnished the bev-

erage, or a separate action against each." *Id.*

Thus the sole basis of liability in respect to Kilroy would of necessity be based upon a theory of common-law negligence. This court has not made a determination concerning the applicability of common-law negligence in respect to one who has voluntarily ingested alcohol, whether a minor or otherwise. However, for purposes of this motion, the court will assume without deciding that the trial justice was correct in applying principles of common-law negligence when granting Kilroy's motion.

Under that assumption, we conclude that the trial justice was correct in granting a motion for directed verdict in favor of Kilroy. It is undisputed that he was not present at the time that Thomas and his party were served alcoholic beverages. There is no evidence that he participated in the act of serving such beverages to Thomas. There is further no evidence that he directed or inspired the employees of Bowen's to serve alcoholic beverages to minors.

The plaintiff argues that Kilroy's act in approving the hiring of a young entertainer (aged eighteen) constituted evidence that he desired to attract underage patrons who would then be served alcohol. Such an inference is not based upon any appropriate primary inference but would require a speculative leap that a jury would not be permitted to make. *See In re Derek*, 448 A.2d 765 (R.I.1982); *Carnevale v. Smith*, 122 R.I. 218, 404 A.2d 836 (1979); *Conlin v. Greyhound Lines, Inc.*, 120 R.I. 1, 384 A.2d 1057 (1978); *Waldman v. Shipyard Marina, Inc.*, 102 R.I. 366, 230 A.2d 841 (1967).

Consequently we conclude that the trial justice was correct in directing a verdict in favor of Kilroy. The plaintiff's appeal on this ground must fail.

## II

### THE DENIAL OF BOWEN'S MOTION FOR DIRECTED VERDICT

■ At the conclusion of plaintiff's case, Bowen's moved for a directed verdict on the ground that the statute did not provide for

recovery on the part of one who ingested alcohol but only in regard to innocent third parties and on the further ground that no common-law right of action existed in favor of such a person in this jurisdiction. The trial justice denied the motion.

At the conclusion of all the evidence in the case, this motion was not renewed. It is well settled that the failure to renew a motion for directed verdict at the close of all the evidence forecloses appellate review of the denial of the motion. *See, e.g., Simpson v. Dailey,* 496 A.2d 126, 129–30 (R.I.1985); *Hamrick v. Yellow Cab Co. of Providence,* 111 R.I. 515, 304 A.2d 666 (1973); *Young v. Coca–Cola Bottling Co.,* 109 R.I. 458, 287 A.2d 345 (1972); 1 Kent, *R.I.Civ.Prac.* § 50.1 (1969).

Consequently we need not address the substantive issues concerning the existence or nonexistence of a common-law right of action in light of a dram-shop statute that only provides a remedy for third parties injured by the person who imbibes the alcoholic beverage. We shall leave that question to a case in which it is properly presented to us for appellate review.

For the reasons stated, the defendant's appeal from the judgment and the plaintiff's appeal from the judgment based upon a directed verdict in favor of Kilroy are denied and dismissed. The judgment entered in the Superior Court is affirmed. The papers in the case may be remanded to the Superior Court.