David A. McLAUGHLIN

v.

Jose F. MOURA et al.

No. 99–311–Appeal.

Supreme Court of Rhode Island.

June 26, 2000.

Harry J. Hoopis, Warwick, for plaintiff.

Carol Nicholson Glick, John G. Hines, Providence, for defendant.

Present WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS and GOLDBERG, JJ.

## OPINION

PER CURIAM.

In this premises liability case, the plaintiff, David McLaughlin (the plaintiff), appeals from a Superior Court judgment as a matter of law entered in favor of the de-

fendants, Jose F. and Maria Moura (the defendants). The case came before a single justice of this Court, who directed the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After reviewing the memoranda submitted by the parties and hearing the arguments of counsel, we conclude that no such cause has been shown, and we proceed to resolve the appeal at this time.

The plaintiff, a letter carrier for the United States Postal Service, brought this action after he was struck on the head by falling ice. At trial he testified that on March 11, 1996, he delivered mail to the defendants' three-decker property as part of his regular mail route. As he was leaving the property, he felt a blow to his head and collapsed unconscious in the driveway. When he awoke, he noticed chunks of ice around and on top of him. He admitted that he was not certain where the ice had come from. He stated that the property always appeared well-maintained and that the driveway and steps to the house were clear of snow and ice on the day of the accident.

The plaintiff raises two issues on appeal. First, he asserts that the trial justice abused his discretion when he excluded expert testimony concerning the alleged defective nature of the roof gutter on the defendants' building. Second, he contends that the trial justice erred when he granted the defendants' motion for judgment as a matter of law.

During the trial, the plaintiff made an offer of proof concerning the expected expert witness testimony of John Contrada (Contrada), a roofer and carpenter who had inspected the property on two occasions. He made the first inspection from the ground; the second was from the top of a ladder. It was only after he had climbed the ladder that he realized there was a rain gutter under the roofing on the third-floor level. Contrada testified that the inside copper lining of the gutter had rotted in spots and that the edge of the

gutter had pulled away from the house. During cross-examination, he acknowledged that property owners often do not become aware of any such potential problems with their gutters until the gutters actually leak. He testified that he did not flush the gutter through with water to test it for leakage or blockage. He admitted that he never observed any snow or ice on the roof or in the gutter.

Upon completion of the plaintiff's offer of proof, defense counsel objected to the admission of the proposed expert testimony. The trial justice sustained the objection, agreeing that although Contrada might have been qualified to testify about a defect in the gutter, he was not qualified to connect any such defect with the ice that fell on the plaintiff's head.

 "The qualification of an expert is a matter addressed to the sound discretion of the trial justice, and the exercise of that discretion will not be disturbed on appeal absent abuse." *State v. Bettencourt,* 723 A.2d 1101, 1112 (R.I.1999) (quoting *De-Christofaro v. Machala,* 685 A.2d 258, 267 (R.I.1996)). In this case, we cannot say that the trial justice abused his discretion in excluding Contrada's expert testimony. The record reveals that Contrada neither tested the gutter nor, more importantly, ever observed any accumulation of snow or ice on the roof. Consequently, he was unable to offer any evidence that would establish a causal connection between any defect in the gutter and the plaintiff's injury.

At the close of the plaintiff's case-in-chief, the defendants moved for judgment as a matter of law. The trial justice granted the motion finding that the plaintiff failed to demonstrate any negligence on the part of the defendants. Specifically, he found that there was no evidence either that the defendants knew or should have known of dangerous accumulations of ice on their roof or that their failure to repair any defects in the gutter proximately caused the plaintiff's injury.

The plaintiff contends that the falling ice from the roof combined with the defective condition of the gutter constituted inferential evidence that the defendants were negligent, and established his prima facie case of negligence under the doctrine of *res ipsa loquitur*. Consequently, he asserts, the trial justice erred in granting the defendants' motion for judgment as a matter of law. We reject his contentions.

 When reviewing a decision on a motion for judgment as a matter of law, this Court views the evidence in the light most favorable to the nonmoving party and, without weighing the evidence or assessing the credibility of the witnesses, draws all reasonable and legitimate inferences therefrom in the nonmoving party's favor. *See Skaling v. Aetna Insurance Co.*, 742 A.2d 282, 287 (R.I.1999). "However, in factual circumstances in which no reasonable jury could find for the nonmoving party, the motion should be granted." *Hernandez v. Fernandez*, 697 A.2d 1101, 1103 (R.I.1997) (per curiam) (citing *Cinq–Mars v. Rodriguez*, 674 A.2d 401, 405 (R.I. 1996)).

Where applicable, the doctrine of *res ipsa loquitur* "establishes inferential evidence of a defendant's negligence, thus making out a prima facie case for a plaintiff, and casts upon a defendant the burden of rebutting the same to the satisfaction of the jury." *Errico v. LaMountain*, 713 A.2d 791, 795 (R.I.1998) (quoting *Marshall v. Tomaselli*, 118 R.I. 190, 197 n. 3, 372 A.2d 1280, 1284 n. 3 (1977)). "[T]he causal connection between negligence and a plaintiff's injury must be established by competent evidence and may not be based on conjecture or speculation." *Skaling*, 742 A.2d at 288. Thus, although, "[c]ausation is proved by inference" and, although "[p]roof by inference need not exclude every other possible cause, * * * it must be based on reasonable inferences drawn from the facts in evidence." *Id.* (quoting *Cartier v. State*, 420 A.2d 843, 848 (R.I. 1980)). "[T]he mere occurrence of an accident, without more, does not warrant an inference that a defendant has been negligent." *Hernandez*, 697 A.2d at 1103 (citing *Carnevale v. Smith*, 122 R.I. 218, 224, 404 A.2d 836, 840 (1979)).

In the present case, the plaintiff failed to present any evidence whatsoever of an accumulation of snow and ice on the defendants' roof; consequently, he failed to show that the defendants knew or should have known of something that was not proven to exist. Although the plaintiff himself admitted that he never noticed any accumulation of snow and ice, he persistently maintains that his injuries were caused by a combination of this accumulation with the defendants' defective gutter. "Such an inference is not based upon any appropriate primary inference but would require a speculative leap that a jury would not be permitted to make." *Banks v. Bowen's Landing Corp.*, 652 A.2d 461, 464 (R.I.1995). Consequently, we conclude that the trial justice did not err in granting the defendants' motion for judgment as a matter of law.

Accordingly, for the foregoing reasons, the plaintiff's appeal is denied and the final judgment appealed from is affirmed. The papers in this case are remanded to the Superior Court.