Patricia A. SEDDON

v.

Carl E. DUKE.

No. 2005–27–Appeal.

Supreme Court of Rhode Island.

Oct. 31, 2005.

Kris Marotti, Warwick.

Robert Quigley, Jr., Providence.

## O R D E R

This case arose out of a motor vehicle collision between the plaintiff, Patricia A. Seddon (plaintiff), and the defendant, Carl E. Duke (defendant), occurring March 9, 2000. The plaintiff appeals from a Superior Court judgment in her favor against the defendant for $5,046, plus interest and costs, and from an order denying her motion for a new trial. To support her appeal, the plaintiff offers two arguments: (1) the trial court erred in denying her motion for a new trial on the issue of damages; and (2) the trial court erred by allowing the defendant to introduce certain expert testimony. For the reasons set forth herein, we affirm the judgment of the Superior Court.

## Facts and Travel

The parties have vastly different accounts concerning how the collision occurred and the severity of the impact. According to plaintiff, while stopped for a red light, her Dodge Caravan was struck from behind by defendant's Ford pickup truck. She testified that she heard a "big bang" and she was jerked backwards and forward in the vehicle. Further, she stated that the tailgate of her van was "smashed in." Because she did not see defendant's truck before the collision, plaintiff could not testify about how fast the truck was traveling.

According to defendant, he was stopped at the light directly behind plaintiff. He testified that the distance between their vehicles was five or six feet. When the light turned green, defendant alleges, traffic began to move in front of him, including plaintiff's van. Then, according to defendant, plaintiff's van stopped abruptly, causing him to collide with her vehicle. The defendant alleged that there was no damage to his truck and that he was traveling between five and ten miles per hour before the collision.

The plaintiff filed suit against defendant claiming severe and permanent personal injuries. She sought compensatory damages, including medical expenses of $22,680.41 and lost wages amounting to $24,388. In response to special interrogatories, the jury found that defendant was negligent and that his negligence was a proximate cause of plaintiff's injuries, but that plaintiff's total damages were only $5,046.

The plaintiff filed a motion for a new trial, arguing that the verdict failed to do substantial justice between the parties and was against the weight of the evidence. She also argued that the trial justice erred in allowing an expert witness to testify on behalf of defendant. This appeal essentially raises the same arguments as contained in plaintiff's motion for a new trial.

When ruling on a motion for a new trial, the trial justice acts as a "superjuror" and "should review the evidence and exercise his or her independent judgment 'in passing upon the weight of the evidence and the credibility of the witnesses.'" *Franco v. Latina*, 840 A.2d 1110, 1111 (R.I.2004) (quoting *Martinelli v. Hopkins*, 787 A.2d 1158, 1165 (R.I.2001)). The trial justice should allow the verdict to stand if he or

she "determines that the evidence is evenly balanced or is such that reasonable minds, in considering that same evidence, could come to different conclusions * * *." *Id.* (quoting *Graff v. Motta*, 748 A.2d 249, 255 (R.I.2000)). A new trial should be granted if the trial justice "determines that the verdict is against the preponderance of the evidence and fails to do justice to the parties or to respond to the merits of the controversy * * *." *Id.* at 1112 (citing *Perkins v. City of Providence*, 782 A.2d 655, 656 (R.I.2001)).

On appeal, this Court will first determine whether the trial justice has performed this function in accordance with the proper standard. *Franco*, 840 A.2d at 1112 (citing *English v. Green*, 787 A.2d 1146, 1149 (R.I.2001)). If so, "we will not disturb a trial justice's decision either granting or denying a new-trial motion unless the trial justice overlooked or misconceived the evidence or otherwise was clearly wrong." *Id.* (citing *English*, 787 A.2d at 1149).

On appeal, plaintiff argues that the verdict was against the weight of the evidence and therefore the trial justice should have granted a new trial on the issue of damages. We disagree. This Court has consistently held that damages awarded by the jury may be set aside if the award "shocks the conscience" of the court or the trial justice finds that the award was "influenced by passion or prejudice or if the award demonstrates that the jury proceeded from a clearly erroneous basis in assessing the fair amount of compensation to which a party is entitled." *Blue Coast, Inc. v. Suarez Corporation Industries*, 870 A.2d 997, 1010 (R.I.2005) (quoting *Shayer v. Bohan*, 708 A.2d 158, 165 (R.I.1998)).

We are satisfied that the trial justice properly fulfilled these requirements; he conducted an extensive review of the evidence presented to the jury, then evaluated the testimony and commented on the credibility of the witnesses. The trial justice found plaintiff's testimony on the issue of medical expenses to be lacking in credibility, and he also found that the medical expenses incurred after plaintiff was initially discharged from treatment and resumed a very physical job, were of no consequence.

The trial justice similarly discounted plaintiff's testimony about lost wages. He noted that plaintiff was not working when the accident occurred and that she typically only worked when it suited her schedule. The evidence in the record supports such a conclusion.

Lastly, concerning plaintiff's contention that the jury improperly discarded uncontradicted evidence or engaged in impermissible "inference stacking," the trial justice correctly rejected this argument. He aptly pointed out that the claim rested on her credibility and the weight of her evidence and that it was not necessary for the jury to engage in "inference stacking;" the jurors could have simply determined that plaintiff's pain was nonexistent or not as severe as she described. Accordingly, it is apparent from the record that the trial justice considered all relevant evidence in determining that the jury's award was reasonable and did not "shock the conscience." *See Blue Coast, Inc.*, 870 A.2d at 1010.

The plaintiff also contends that the trial justice erred in allowing defendant to call Dr. James McLennan (Dr. McLennan), a neurosurgeon who had treated plaintiff after the accident. The plaintiff did not call Dr. McLennan as a witness, but introduced a medical report prepared by him. The plaintiff contends that Dr. McLennan's testimony went beyond the scope of his medical report thereby turning the witness into an expert for defendant in violation of the duty to timely disclose expert

witnesses under Rule 26(b)(4)(A) and Rule 33 of the Superior Court Rules of Civil Procedure.

Alternatively, if Dr. McLennan's testimony was within the scope of his medical report, plaintiff submits that she failed to introduce Dr. McLennan's report as a medical affidavit in accordance with G.L. 1956 § 9–19–27, and therefore, defendant did not have a right to cross-examine the doctor about its contents. The trial justice plainly stated that because plaintiff introduced the medical report into evidence during her case in chief, defendant had a corresponding right to summon and cross-examine its author as to its contents. We agree.

First, we note that Dr. McLennan's report was introduced *by plaintiff* without objection. Secondly, the report stated that plaintiff's test results were "essentially within normal limits, except for minor degenerative changes here and there." The defendant issued a subpoena to Dr. McLennan and inquired whether a small disk protrusion would be considered a "minor degenerative change." The doctor answered that it was and would be considered normal for a thirty-four-year-old woman.

After reviewing the record, we conclude that Dr. McLennan's testimony did not exceed the scope of his medical report. The doctor was asked to explain certain observations about neck and back degeneration. This was proper trial procedure.

Cross-examination of expert witnesses inevitably involves questions seeking clarification and/or explanation of technical opinions and conclusions. Similarly, cross-examination can elicit testimony that is unfavorable to the party who introduced the report. The plaintiff opened the door to Dr. McLennan's cross-examination by introducing his medical report. Consequently, the plaintiff's arguments that the defendant failed to disclose Dr. McLennan as an expert witness and that the defendant improperly used the plaintiff's expert witness as part of his case in chief are without merit.

Lastly, the plaintiff alleges that the report was not a medical affidavit for purposes of § 9–19–27 and therefore the defendant had no right to call Dr. McLennan as a witness and cross-examine him concerning its contents. We do not have occasion to consider this argument because it was not properly preserved for appeal. Consequently, this argument is not appropriately before us. Accordingly, the judgment appealed from is affirmed and the papers in this case are returned to the Superior Court.

Justice FLAHERTY did not participate.