DECISION
Before this Court is Atlantic Richfield Company's (ARCO) renewed motion for judgment as a matter of law, pursuant to Rule 50(b). ARCO had brought motions under Rule 50(a) for judgment as a matter of law at the close of evidence, but the Court reserved its ruling on several of the grounds. ARCO then prevailed at trial. It now asks this Court to rule on the other grounds which formed the basis for its original motions. Specifically, ARCO alleged 1) that a finding of liability would constitute impermissible retroactive lawmaking and 2) that the State had failed to produce sufficient evidence of a causal nexus between ARCO's activities and Rhode Island.
 Facts and Travel
The history of this case is detailed in this Court's recent decision and the previous decisions cited therein. State v. Lead Indus.Ass'n, 2007 R.I. Super. LEXIS 32, *2-11, *318-19 (Feb. 26, 2007). After the State rested its case, ARCO and all of the Defendants brought Rule 50 motions for judgment as a matter of law on various grounds. The Court granted motions in favor of all the Defendants on the State's indemnity and unjust *Page 2 
enrichment claims as well as the State's damage claims. The Court also granted a motion, specific to ARCO, that it was not responsible for the acts or omissions of the Anaconda Lead Products Company (ALPC). On all other grounds, however, the Court reserved its ruling.
At trial, the jury found that the "cumulative presence of lead pigment in paints and coatings on buildings throughout the State of Rhode Island" constituted a public nuisance. (Jury Verdict Form, Question 1, Feb. 22, 2006.) The jury found that three Defendants "caused or substantially contributed to the creation of the public nuisance."Id. at Question 2. However, the jury found that ARCO did not cause or substantially contribute to the public nuisance. Id.
Following trial, each Defendant renewed its motions for judgment as a matter of law pursuant to Rule 50. The Court recently rendered a decision denying the post-trial motions of the three Defendants which the jury found liable. State v. Lead Indus. Ass'n, 2007 R.I. Super. LEXIS 32 (Feb. 26, 2007). In that decision, this Court noted that ARCO had also renewed its Rule 50 motion
 "to the extent that it addressed grounds upon which the Court did not grant its earlier motion. This was done in order to avoid any possible waiver of its arguments in the event that the verdict is not upheld. Obviously, ARCO does not request a new trial. The Court sees no reason to address the additional grounds with respect to ARCO at this time, but will do so if it becomes necessary." Id. at *7 n. 7.
ARCO requests that the Court rule on these grounds so as to avoid any possible prejudice in the event that the verdict in its favor is not upheld appeal. It seems that a ruling in its favor on these issues would obviate the need for a new trial in the event the State appeals *Page 3 
and the jury verdict in ARCO's favor is not sustained. Therefore, the Court will address the renewed motion.
 Standard of Review
In ruling on a post-verdict renewed motion for judgment as a matter of law, a trial justice must consider the evidence in the light most favorable to the nonmoving party, without weighing the evidence or evaluating the credibility of the witnesses, and draw from the record all reasonable inferences that support the position of the nonmoving party. E.g., Blue Coast, Inc. v. Suarez Corp. Indus., 870 A.2d 997, 1008
(R.I. 2005); Skaling v. Aetna Ins. Co., 742 A.2d 282, 287 (R.I. 1999). If, after such a review, there remain factual issues upon which reasonable persons might differ, the motion for judgment as a matter of law must be denied. Blue Coast, Inc., 870 A.2d at 1008;Skaling, 742 A.2d at 287. Therefore, in order to find for ARCO on its renewed Rule 50 motion, the Court must find that no reasonable jury could find for the State based upon the evidence presented. SeeMcLaughlin v. Moura, 754 A.2d 95, 98 (R.I. 2000).[1]
 Analysis
The Court will first address the issue of retroactive liability. ARCO relies upon Eastern Enterprises v. Apfel, 524 U.S. 498 (U.S. 1998) to argue that a finding of liability here would impermissibly impose "retroactive liability" under the Takings and Due Process Clauses of the United States Constitution.
This Court discussed the propriety of relitigating issues which have already been decided in Part III.B of its February 26, 2007 decision.State v. Lead Indus. Ass'n, 2007 *Page 4 
R.I. Super. LEXIS at *70-77. When the other Defendants raised the issue of retroactive liability in their post-trial motions, this Court declined to reconsider its earlier rulings on that issue because Rule 50 was limited to errors occurring "at the trial." Id. at *90-91 n. 48.[2]
That analysis is applicable here, as this Court has already ruled that a finding of liability would not violate the principles set forth inEastern Enterprises. (Off. Dr. Tr. 24:23-26:15, Oct. 5, 2005.) ARCO has not demonstrated that anything occurring at the trial should move the Court to reconsider its earlier rulings.
As to a nexus between ARCO and Rhode Island, the Court incorporates its discussion found in Part II.B and II.C of its February 26, 2007 decision. In that decision, the Court concluded that the State had the burden to produce evidence that each Defendant substantially participated in activities which caused the public nuisance — i.e., the cumulative presence of lead pigment in paint and coatings on buildings throughout Rhode Island. See State v. Lead Indus. Ass'n, 2007 R.I. Super. LEXIS 32, * (Feb. 26, 2007).
The Court notes that the State sought to hold ARCO liable based on the activities of two corporate entities which were predecessors to ARCO: ALPC and International Smelting and Refining Company (IS R). For reasons which are beyond the scope of this decision, this Court granted a Rule 50 motion after the close of evidence and held that ARCO was not responsible for the activities of ALPC. That decision rendered irrelevant the evidence of certain pre-1936 activities upon which the State had relied as evidence of ARCO's liability. Moreover, there was no evidence that IS R manufactured lead pigment at any time earlier than 1936, and only continued doing so until 1946. See U. *Page 5 
Tr. 43:22-44:9 Nov. 16, 2005 PM Session (stipulating to the dates IS R manufactured white lead).
After that ruling, the evidence which remained to establish a nexus to Rhode Island was the evidence that ARCO "sold and promoted" lead pigment and the "market share" evidence, a discussion of which is incorporated by reference from this Court's recent decision. See State v. Lead Indus.Ass'n, 2007 R.I. Super. LEXIS 32, *32-36 (Feb. 26, 2007). This evidence established that ARCO was one of only a handful of lead pigment manufacturers operating nationally after 1936.
In addition, there was testimony that ARCO participated, through the Lead Industries Association, in the first White Lead promotion campaign from 1939 to 1942. (Off. Dr. Tr. 55:5-11, Jan. 13, 2006.) The evidence demonstrated that this was a significant promotional campaign, included a great deal of advertising and utilized traveling salesmen, and that it took place nationally and in Rhode Island. (Off. Dr. Tr. 55:8-74:17, Jan. 13, 2006.)
Although the jury did not actually find ARCO liable, the Court finds that this evidence as a whole was sufficient to present a factual issue for resolution by the jury. As noted in its earlier decision, the issue of whether a person substantially participated in the creation of a public nuisance in Rhode Island is a question best left for the finder of fact. Drawing all factual inferences in favor of the State, as the Court must on a Rule 50 motion, the Court finds the evidence sufficient for a reasonable jury to find a causal nexus between the activities of ARCO's predecessor and the public nuisance in Rhode Island. *Page 6 
 Conclusion
After due consideration of the arguments advanced by counsel at oral argument during the trial, and in their memoranda following the trial, the Court denies ARCO's renewed motion pursuant to Rule 50 for judgment as a matter of law. This Court has entered an order, in the form previously provided by ARCO, consistent with the denial of its motion.
[1] The Court retains the option of involuntarily dismissing a claim without prejudice, in lieu of granting judgment as a matter of law, if justice so requires. Rule 50(a)(3).
[2] In referencing one of its earlier decisions on the retroactive liability issue, it appears that the Court erroneously referred to that decision as having occurred on October 31, 2005. The Court decided that issue on October 5, 2005. (Off. Dr. Tr. 24:23-26:15, Oct. 5, 2005.) *Page 1