DECISION
Before this Court are the Estate of Mary Della Ventura's ("Defendant") post-trial motions. Gary Lemont ("Plaintiff") asserted a claim of premises negligence against Defendant. After a jury trial, a verdict was returned in favor of Plaintiff. Defendant renewed its previous Motion for Judgment as a Matter of Law and filed a Motion for New Trial. Jurisdiction is pursuant to G.L. 1956 § 8-2-14, Super. R. Civ. P. 50, and Super. R. Civ. P. 59.
 I FACTS
In September of 2003, Plaintiff visited the house owned by Defendant at 32 Waller Street, Providence, Rhode Island ("the property") to help a tenant at the property move out of a second floor apartment. Plaintiff was moving a nightstand when he paused on the second floor landing. Plaintiff leaned against the second floor landing's railing while attempting to maneuver the nightstand, which Plaintiff later testified was too heavy to carry alone. Plaintiff leaned against the landing's railing, moving the nightstand. One of the railing's posts broke, resulting in Plaintiff's injury. *Page 2 
Plaintiff brought suit against Defendant, alleging premises negligence due to "a dangerous and unkempt stairway railing." (Compl. ¶ 4.) On the morning of the fourth trial date certain, September 27, 2010, Plaintiff gave Defendant an "Amended Interrogatory Answer." This document stated Plaintiffs intent to call a building inspector as an expert witness to testify to a building code and violations thereof on the property. The Court construed Plaintiffs action as an oral motion in limine and instructed the parties to prepare for a hearing on that motion. At the hearing, Plaintiff argued for the admissibility of a building code and a building code expert's testimony to describe the alleged code violations on the property. Plaintiff described how he planned to incorporate this evidence into his case and the conclusions he would suggest the jury draw therefrom in his closing argument. Plaintiff did not state that he planned to call upon the doctrine of res ipsa loquitur ("res ipsa") to provide an inference of negligence.
The Court denied Plaintiffs motion to admit the proffered building code. In ruling the code irrelevant and therefore inadmissible, the Court reasoned it was unclear whether the code Plaintiff submitted, a document entitled "International Residential Code 2003," ever was or is in effect anywhere in Rhode Island. The Court further reasoned that, even if "International Residential Code 2003" was incorporated into the Rhode Island Building Code, the Rhode Island Code was enacted decades after Defendant's property was built. Thus, the property was "grandfathered in" and not bound by either code.Geloso v. Kenny, 812 A.2d 814, 817 (R.I. 2002) (citingRodriquez v. Kennedy, 706 A.2d 922, 924 (R.I. 1998)). Consequently, the building inspector's testimony, which would explain the code's requirements and describe shortcomings on the property, was also irrelevant and inadmissible. *Page 3 
The trial was held October 6, 2010. In support of his negligence claim, Plaintiff testified and submitted photographs of the premises. Plaintiff did not refer to res ipsa at any point during the trial. Towards the end of the trial, the Court invited the parties to submit proposed jury instructions. The Court held a conference to discuss the instructions with the parties. Plaintiff neither proposed instruction on res ipsa, nor mentioned the doctrine at the conference.
The Court, as is its customary practice, instructed the jury after the close of the evidence. As res ipsa was never pleaded, brought up in a motion in limine, presented in Plaintiff's case during the trial, suggested in Plaintiff's proposed jury instructions, or mentioned in the jury instruction conference, the Court did not instruct the jury on this evidentiary device. The parties then delivered their closing arguments.
Plaintiff's closing argument focused on the ability of the jury to make an inferential leap from the fact that Plaintiff fell when the railing broke to the conclusion that either the railing or the landing constituted an unreasonably dangerous condition. Plaintiff also encouraged the jury to find that the staircase landing was an unreasonably dangerous condition that Defendant negligently permitted on her property, a finding Plaintiff also suggested the jury could reach by taking an inferential leap from the fact that Plaintiff fell. Plaintiff further urged the jury to find that Defendant should have known about the condition because she purchased insurance. Defendant objected numerous times during Plaintiff's closing argument. Defendant renewed its previously-filed Motion for Judgment as a Matter of Law and moved for a new trial. The Court reserved decision on these motions and permitted the matter to go to the jury. The jury returned a verdict for Plaintiff. *Page 4 
 II LAW ANALYSIS A Renewed Motion for Judgment as a Matter of Law
Defendant argues that it is entitled to a judgment as a matter of law because there was no legally sufficient evidence to permit the jury to find negligence, even with the inference of negligence that res ipsa could permit. Defendant argues that given the dearth of evidence, the jury had to have reached its verdict through speculation and conjecture. (Def.'s Mem. in Supp. of Def.'s Mot. 1-2.)
In response, Plaintiff argues that the "the jury found sufficient evidence that the landlord was negligent and that such negligence was the proximate cause of Plaintiff's injuries." (Pl.'s Mem. in Obj. to Def.'s Mot. p. 1.) Plaintiff further argues that the evidence permitted the jury to infer negligence pursuant to res ipsa. (Pl.'s Mem, in Obj. to Def.'s Mot. p. 3.)
Rule 50(a)(1) of the Rhode Island Superior Court Rules of Civil Procedure provides:
 "If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue."
"The trial justice considers the evidence in the light most favorable to the nonmoving party, without weighing the evidence or evaluating the credibility of witnesses, and draws *Page 5 
from the record all reasonable inferences that support the position of the nonmoving party." Bliss Mine Road Condo. Ass'n v.Nationwide Prop. Cas. Ins. Co., 11 A.3d 1078, 1083 (R.I. 2010) (quotations and citations omitted). The trial justice must deny the motion "if there are factual issues on which reasonable people may draw different conclusions." Id (quotations and citations omitted).
When a motion for a new trial is not granted, "the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion." Super. R. Civ. P. 50(b). As was the case here, the movant may renew his motion after the entry of judgment. Id "[I]n disposing of a renewed motion, the court may allow the verdict to stand or may . . . order a new trial or direct the entry of judgment as a matter of law." Id
Plaintiffs claim of premises negligence is governed by well settled principles of law."A landlord owes a duty to `[m]ake all repairs and do whatever is necessary to put and keep the premises in a fit and habitable condition.'" Ramos v. Granajo,822 A.2d 936 (R.I. 2003) (quoting G.L. 1956 § 34-18-22(a)(2) and citing Errico v.LaMountain, 713 A.2d 791, 793 (R.I. 1998)). To demonstrate a breach of this duty, a plaintiff must demonstrate that the injurious condition on the premises constituted an "unreasonably dangerous condition." Errico, 713 A.2d at 794. If the plaintiff presents sufficient evidence of an unreasonably dangerous condition, the plaintiff must then demonstrate that the landowner knew, or should have known, about the dangerous condition. Id
In his closing argument and in his objection to Defendant's motions, Plaintiff argued that the jury could find, with the help of res ipsa, that either the railing or landing constituted an unreasonably dangerous condition, and that Defendant had, or should have *Page 6 
had, notice thereof. Res ipsa is an evidentiary device that "establishes inferential evidence of a defendant's negligence, thus making out a prima facie case for a plaintiff, and casts upon a defendant the burden of rebutting the same to the satisfaction of the jury." McLaughlin v. Moura,754 A.2d 95, 98 (R.I. 2000) (quotations omitted).
"The mere occurrence of an accident, without more, does not warrant an inference [derived pursuant to res ipsa] that a defendant has been negligent." McLaughlin, 754 A.2d at 98; seealso 57B Am. Jur. 2d Negligence § 1170 (2004) ("A plaintiff is not entitled to bring a case to a jury under res ipsa loquitur any time there is an unexplained accident for which a defendant might plausibly be responsible"). "It is the function of the court to determine whether the inference may reasonably be drawn by the jury." Parrillo v. Giroux, 426 A.2d 1313, 1321 (R.I. 1981) (quoting Restatement (Second) Torts § 328(D) (1965)).
Before the Court permits the jury to infer negligence pursuant to res ipsa, the Court must be satisfied that the plaintiff has "`produce[d] sufficient evidence from which a reasonable [person] could say that, on the whole, it was more likely than not that there was negligence on the part of the defendant.'" Errico,713 A.2d at 796 (quoting Parrillo, 426 A.2d at 1319) (alterations in original). This preliminary showing ensures that "`the causal connection between negligence and a plaintiffs injury [is] established by competent evidence and [is] not [] based on conjecture or speculation.'" McLaughlin,754 A.2d at 98 (quoting Skaling v. Aetna Ins. Co.,742 A.2d 282, 288 (R.I. 1999)).
If the evidence is sufficient to invoke the doctrine of res ipsa, that evidence, together with res ipsa's permissible inference of negligence, creates "a legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Super. R. Civ. P. 50; *Page 7 compare Errico, 713 A.2d 791 (permitting inference of negligence to arise from evidence of defect, upholding trial justice's denial of Rule 50 motion) with McLaughlin,754 A.2d 95 (prohibiting inference of negligence from arising because no evidence of defect was presented, upholding trial justice's grant of Rule 50 motion).
At trial, Plaintiff argued that Defendant was negligent regarding both the railing and the landing. The Court cannot discern whether the jury found that Defendant was negligent as a result of a defect in the railing, the landing, or both features because the jury questionnaire merely asked the jury whether Plaintiff's injuries "were proximately caused by Defendants' negligence." The jury questionnaire was framed this way because until Plaintiff's closing argument — which was delivered after the instructions and questionnaire were prepared — the defective railing was the dangerous condition alleged in Plaintiff's negligence claim. The Court will address Defendant's motion as it applies to each possible defect.
Our Supreme Court has had multiple occasions to evaluate whether a plaintiff presented evidence sufficient to invoke the inference that a landowner was negligent and caused the plaintiff's injuries. For example, in Errico, a broken railing case, our Supreme Court held that photographic and testimonial evidence that "the railing's wooden spindles appeared to be rotten" warranted the trial justice's instruction on res ipsa. 713 A.2d at 795-96. This "observable evidence of the railing's physical deterioration" satisfied the plaintiff's burden of producing sufficient evidence from which a reasonable person could say that there was likely negligence on the part of the defendant. Id. at 794-96.
Likewise, in Giron v. Bailey, another broken railing case, our Supreme Court upheld the trial justice's determination that the plaintiff had "provided sufficient evidence *Page 8 
to survive a Rule 50 motion" such that "[t]he jury wouldn't be speculating, they'd be drawing the reasonable inference that this was a damaged railing." 985 A.2d 1003, 1007 (R.I. 2009). This evidence consisted of the plaintiff's testimony that he had jostled the railing while moving a couch and told the landlord that the railing may have been damaged as a result, a neighbor's testimony that at least one spindle was "loose" and another "bent," and testimony that the landowner had actual knowledge of multiple tenants' concern with the railing's condition.Id. at 1006-1008.
In contrast, our Supreme Court has held that no inference of premises negligence may arise where the plaintiff fails to present some evidence of a dangerous condition. Without this preliminary showing, no jury question on negligence exists. Ramos,822 A.2d 936; McLaughlin, 754 A.2d 95; see also 57B Am. Jur. 2d Negligence § 1170 ("A plaintiff is not entitled to bring a case to a jury under res ipsa loquitur any time there is an unexplained accident for which a defendant might plausibly be responsible."). For example, our Supreme Court upheld the trial justice's grant of summary judgment in favor of the defendant inRamos, which, like the case at hand, was a premises negligence case arising out of a broken railing. 822 A.2d at 936. Our Supreme Court reasoned that "the plaintiff offered no evidence that the balcony was not properly maintained or that the defendant had notice of any defect." Id. at 938. The Court was unconvinced that the plaintiff's "bare allegation" of foreseeable injury due to some alleged defect was sufficient to create an issue of fact.Id. at 938. Thus, our Supreme Court upheld the trial justice's determination that no jury question existed. Id.
Likewise, in McLaughlin, our Supreme Court upheld the trial justice's grant of judgment as a matter of law for the defendants in a premises negligence case. 754 A.2d 95. *Page 9 
The plaintiff failed to present any evidence that the dangerous condition, viz., an accumulation of snow and ice, existed, but argued that pursuant to res ipsa, the fact finder could infer that the defendants were negligent. Id at 98. Our Supreme Court first noted that "the mere occurrence of an accident, without more, does not warrant an inference that a defendant has been negligent." Id at 98 (quotation omitted). In upholding the trial justice's determination that the plaintiff failed to invoke the doctrine of res ipsa — and therefore failed to present a jury question on negligence — our Supreme Court reasoned that the plaintiffs unsupported theory that he was injured by snow was `"not based on any appropriate primary inference but would require a speculative leap that a jury would not be permitted to make.'"Id at 98 (quoting Banks v. Bowen's Landing Corp.,652 A.2d 461, 464 (R.I. 1995)).
To the extent that the jury verdict was based on defective railing, Plaintiff failed to satisfy the preliminary showing required to invoke the doctrine of res ipsa, let alone the showing required to present a jury question. Plaintiff offered no evidence that the railing was not properly maintained or that the defendant had notice of any defect. Ramos, 822 A.2d at 938. There is no `"evidence from which a reasonable [person] could say that it was more likely than not that there was negligence on the part of" Defendant. Errico,713 A.2d at 796 (quoting Parrillo, 426 A.2d at 1319). If there was "observable evidence" that the railing was defective, Plaintiff failed to capture that observation in the pictures he submitted into evidence. See Errico, 713 A.2d at 794-96. Plaintiff offered neither lay nor expert testimony concerning the condition of the railing before or after it broke and whether the pieces broke as a result of a defect. See Giron,985 A.2d at 1006-1008 (pre-break testimony that the railings were loose and bent was sufficient to create jury *Page 10 
question); Errico, 713 A.2d at 794-96 (post-break testimony that railing appeared rotten was sufficient to create jury question); Dunnigan v. Kirkorian,67 R.I. 472, 25 A.2d 221 (R.I. 1942) (post-break expert carpenter's testimony that landowner's attempted repairs left railing unsafe was sufficient to create jury question). Plaintiff offered no evidence that any part of the railing had been previously damaged and was neglected or not properly repaired. See Giron,822 A.2d at 936 (railing deteriorated and previously damaged but not repaired sufficient to create jury question); Dunnigan,67 R.I. 427, 25 A.2d 221 (railing deteriorated and inadequately repaired sufficient to create a jury question). To find negligence in the case at hand, the jury had to have made an impermissible "`speculative leap.'" McLaughlin, 754 A.2d at 98 (quotingBanks, 652 A.2d at 464).
Plaintiff argues that sufficient evidence supports the verdict under the defective railing theory because the "testimony of [Plaintiff] and the photographs of the scene and affidavits were undisputed." (Pl.'s Obj. 2.) Plaintiff correctly asserts that the veracity of Plaintiff's testimony and authenticity of the photographs went unchallenged. This does not necessarily mean, however, that Plaintiff's testimony or the pictures indicate negligence. Plaintiff candidly testified to that which was within his personal knowledge, which did not include statements indicating a defect in the railing. Rather than supporting a finding of defect, Plaintiff's uncontroverted testimony that he tested some of the railings and found the confidence to proceed supports the conclusion that no defect existed. Likewise, the photographs may accurately reflect the railing, but the photographs do not show a defect in the railing. Thus, Defendant is entitled to Judgment as a Matter of Law on Plaintiff's claim of defective railing. *Page 11 
Perhaps due to the fact that the trial ended without any evidence of a railing defect, Plaintiff changed tactics during his closing argument: Plaintiff urged the jury to find that the landing upon which Plaintiff was standing with the nightstand was defective in its size and/or shape. This theory of negligence is also unsupported by the evidence.
In his objection to Defendant's motion, Plaintiff argues that the photographs of the premises Plaintiff introduced earlier in the trial constitute sufficient evidence for a jury question, and ultimately a verdict, on landing defect. The photographs were introduced in connection with Plaintiff's argument that the railing was defective. No nexus between the extremely poor quality photographs and a possible defect in the landing was ever made at trial. The allegedly defective landing was hardly visible, if visible at all, in the photographs. The Court finds that there was no evidence to indicate a landing defect existed, let alone an unreasonably dangerous defect. Thus, there is no legally sufficient evidentiary basis for a reasonable jury to find for Plaintiff on the defective landing issue, and Defendant is entitled to Judgment as a Matter of Law.
Plaintiff was fully heard on the issue of negligence. No evidence of a defect in either the staircase railing or landing was presented. Consequently, there was no legally sufficient evidentiary basis for a reasonable jury to find for Plaintiff on the issue of negligence under either or both theories. Defendant's Motion for Judgment as a Matter of Law is GRANTED.
 B Motion for New Trial
Defendant alternatively moves for a new trial. Defendant contends that the verdict was against the weight of the evidence. Defendant argues generally that Plaintiff *Page 12 
presented no evidence that Defendant breached a duty; and specifically that there was no evidence of a defect, no evidence that a reasonable inspection would have revealed a defect; and no evidence that Defendant had actual or constructive notice of a defect.
Defendant also argues that multiple errors of law require a new trial. Defendant contends that it was an error of law to permit the case to go to the jury due to the absence of evidence in support of Plaintiff's claim. Defendant also contends that it was an error of law to permit the case to go to the jury after Plaintiff's closing argument because (1) Plaintiff introduced a new theory of liability in his closing argument; and (2) Plaintiff incurably prejudiced Defendant by repeatedly referring to Defendant's liability insurance coverage in violation of Rule 411 of the Rhode Island Rules of Evidence. Defendant objected numerous times, thereby preserving these grounds for the present motion. See State v.Fortes, 922 A.2d 143, 149 R.I. 2007 (discussing action required of a party who finds prejudicial fault in his or her opponent's closing argument). The Court sustained these objections and delivered an instruction meant to cure any prejudice.
In response, Plaintiff argues that sufficient evidence supports the verdict, namely, that the staircase landing could not support a person maneuvering furniture and that the railing was "breakable." (Pl.'s Obj. to Def.'s Mot. for Directed Verdict 4.) Plaintiff argues that it was permissible for the jury to use res ipsa, but does not specifically address the questions raised about the propriety of the timing of Plaintiff's introduction of this doctrine. Plaintiff also neglects to respond to Defendant's Rule 411 argument. *Page 13 
 1 Against the Weight of the Evidence
A motion for a new trial is governed by Rule 59 of the Rhode Island Superior Court Rules of Civil Procedure. A new trial may be granted when the verdict is against the weight of the evidence.Manning v. Bellafiore, 991 A.2d 399 (R.I. 2010). When ruling on a motion for a new trial on these grounds in a civil case tried to a jury, "the trial justice acts as a `superjuror' and `should review the evidence and exercise his or her independent judgment in passing upon the weight of the evidence and the credibility of the witnesses.'" Connor v. Schlemmer, 996 A.2d 98, 114 (R.I. 2010) (quoting Seddon v. Duke,884 A.2d 413, 413 (R.I. 2005) (quotations omitted)). While engaging in this review, "the trial justice must consider the evidence in light of the charge to the jury" in order to determine "whether the justice would have reached a different result from that of the jury." Blue Coast Inc. v. Suarez Corp. Indus.,870 A.2d 997, 1008-09 (R.I. 2005) (quotations omitted).
"[T]he trial justice need not engage in an exhaustive review and analysis of all of the evidence and testimony presented at trial * * * [but] need only make reference to such facts disclosed by the testimony as have motivated his or her conclusion."Manning, 991 A.2d 399 (R.I. 2010) (quotations omitted). The trial justice's decision on a motion for a new trial is afforded great weight by our Supreme Court. Dawkins v. Siwicki,23 A. 3d 1142, 1159 (R.I. 2011) (citing Oliviera v.Jacobson, 846 A.2d 822, 829 (R.I. 2004). "[Our Supreme Court] does not overturn a trial justice's decision in this regard unless the trial justice overlooked or misconceived the evidence or otherwise was clearly wrong." Dawkins, 23 A.3d at 1159 (citations and internal quotations omitted). *Page 14 
As discussed, Plaintiff presented no evidence that the railing was defective. Plaintiff presented no evidence, that the landing was defective. Plaintiff presented no evidence that Defendant knew or should have known about any defect on the premises. With this dearth of evidence, any inference of negligence or knowledge drawn by the jury must have been the result of speculation or conjecture. Thus, the verdict is against the weight of the evidence, and the rights of Defendant have been prejudiced thereby. The verdict fails to respond truly to the merits and to administer substantial justice between the parties. Turgeon v. Davis,120 R.I. 586, 591, 388 A.2d 1172, 1185 (R.I. 1978). Defendant's Motion for a New Trial is GRANTED.
 2 Error of Law
A new trial is also appropriate when an "error of law occur[ed] at the trial." Super. R. Civ. P. 59. When reviewing the trial justice's decision on a motion for a new trial based on error of law, our Supreme Court "employs de novo review to determine whether the trial justice committed legal error." Riley v.Stone, 900 A.2d 1087, 1092 (R.I. 2006) (citing Votolato v.Merandi, 747 A.2d 455, 461 (R.I. 2000)). An erroneous jury instruction is an error of law that may warrant a new trial.Maglioli v. J.P. Noonan Transp., Inc.,869 A.2d 71, 75 (R.I. 2005). A new trial is warranted due to erroneous jury instructions "only if it can be shown that the jury `could have been misled' to the resultant prejudice of the complaining party." Kurczy v. St. Joseph Veterans Assoc.,820 A.2d 929, 944 (R.I. 2003).
Here, the jury was not instructed on the doctrine of res ipsa, yet Plaintiff encouraged the jury to call upon this evidentiary device to decide the case. It was an *Page 15 
error of law for the Court to permit the jury to consider the doctrine of res ipsa because, as discussed, Plaintiff failed to make the preliminary showing required for invocation of res ipsa.See Errico, 713 A.2d at 796.
Even assuming that Plaintiff's case appropriately invoked res ipsa, the Court also erred in permitting the jury to consider the doctrine because the Court did not provide proper instruction thereon. The Court instructed the jury on the law of premises negligence. Plaintiff introduced res ipsa and encouraged the jury to draw the inference of negligence. Res ipsa is an evidentiary device whose voluminous history engenders "confusion and disagreement [] concerning the nature, scope, and effect of the doctrine." 57B Am. Jur. 2d Negligence § 1165 (2004). Even an instruction formulated through careful consideration of both parties' suggestions has the potential to confuse and mislead a jury to the resultant prejudice of a defendant. Here, the jury received no instruction from the Court on res ipsa. It was an error of law for the jury to receive instruction on the doctrine only through Plaintiff's closing argument because the instruction was confusing and misleading to the prejudice of Defendant. Kurczy,820 A.2d at 944.
Lastly, Defendant argues that Plaintiff's violations of Rule 11 of the Rhode Island Rules of Evidence require a new trial. Plaintiff does not address this contention. Rule 411 states that "[e]vidence that a person was or was not insured against liability is not admissible upon the issue whether he acted negligently or otherwise wrongfully." R.I. R. Evid. 411. "The rule is intended to discourage inquiry into a defendant's indemnity in a manner calculated to influence the jury." Cochran v. Dube,114 R.I. 149, 152, 330 A.2d 76, 78 (R.I. 1975). A reference to insurance coverage may be cured by a timely cautionary instruction.Id., 330 A.2d at 78. *Page 16 
The issue is whether Plaintiff's references to Defendant's liability insurance "so irreparably prejudiced the [D]efendant[] as to require a new trial." Cochran v. Dube,114 R.I. 149, 152, 330 A.2d 76, 78 (R.I. 1975). Plaintiff directly associated Defendant's purchase of liability insurance with Defendant's culpability numerous times. During Plaintiff's brief closing argument, Plaintiff pointed out that Defendant is "the insurance company" and mentioned "insurance" no fewer than ten times. Particularly troublesome examples include Plaintiff's statements that Defendant "had a dangerous [situation], so she bought insurance to cover it in case there was an accident;" and that landowners should "honor you by insurance when [they] mak[e] mistakes."
Given the frequency and content of Plaintiff's references to Defendant's identity as the property owner's liability insurer, the Court is suspect that the curative instruction successfully "offset the development of prejudice in the minds of the jurors."Id., 330 A.2d at 78 (citing Lewis v. Allard,108 R.I. at 534, 277 A.2d 744, 746 (R.I. 1971); Harrod v.Ciamciarulo, 95 R.I. 504, 506, 188 A.2d 459, 460 (R.I. 1963)). Nevertheless, as ample grounds exist for granting Defendant's Renewed Motion for Judgment as a Matter of Law and Motion for a New Trial, the Court declines to rule on whether Plaintiff's references to Defendant's insurance status also warrant a new trial.
 III CONCLUSION
The Court GRANTS Defendant's Renewed Motion for Judgment as a Matter of Law. There was no legally sufficient evidentiary basis for a reasonable jury to find for Plaintiff on the issue of negligence. *Page 17 
In the alternative, the Court GRANTS Defendant's Motion for a New Trial on two grounds. First, the verdict failed to respond to the merits of the controversy because the verdict was against the weight of the evidence. Second, it was an error of law to permit the jury to consider res ipsa loquitur because the evidence was insufficient to invoke the doctrine and because the jury was not properly instructed on the doctrine.
Counsel for Defendant shall submit an appropriate order in accordance with this decision.

 *Page 1