1. For a full recitation of the factual scenario, please see *James W. Brown v. Elmer Stanley*, 84 A.3d 1157 (R.I.2014), released by this

James W. **BROWN** et al.

. v.

Elmer **STANLEY** et al.

**No. 2011–177–APPEAL.**

Supreme Court of Rhode Island.

Feb. 18, 2014.

Bruce G. Tucker, Esq.

C. Russell Bengtson, Esq.

## ORDER

On March 25, 2005, Mary Cummings was injured while crossing Broad Street in Central Falls. Apparently, Cummings was crossing the street as a part of the 2005 Good Friday Walkathon organized by the defendants Project Hope/Projecto Esperanza and the Diocesan Bureau of Social Services (collectively, Project Hope). The defendant Elmer Stanley was working for Project Hope and in charge of the walkathon.[1]

On the morning of the walkathon, another Project Hope employee temporarily stopped traffic so that the walkathon participants could cross Broad Street from Notre Dame Church in Central Falls. Cummings, who had lagged behind the other participants, approached Broad Street after traffic had resumed. Stanley asked Cummings whether she would like assistance crossing the street. Cummings declined, insisting to Stanley that traffic would stop for her. Tragically, Cummings was injured when she was struck by a truck driven by plaintiff James Brown, an

Court contemporaneously with this order. This order will recite only those facts necessary to explain the decision herein.

employee of plaintiff Bluelinx Corporation, Inc.

Bluelinx settled with Cummings, and James Brown and Bluelinx then brought this action for contribution under the Uniform Contribution Among Joint Tortfeasors Act.[2] Stanley sought summary judgment, and a justice of the Superior Court granted his motion after she found that Stanley was working in his capacity as Parish Outreach Coordinator for Project Hope, and therefore he could not be personally liable. A final judgment, pursuant to Rule 54(b) of the Superior Court Rules of Civil Procedure, was entered in favor of Stanley. Bluelinx timely appealed to this Court.

It is our opinion that, when she granted summary judgment, the hearing justice incorrectly concluded that Stanley could not be liable because he was acting in his official capacity. Although one acting in an official capacity may avoid personal liability based solely on the individual's status, an individual may still be liable for his or her own negligence. *See Ruzzo v. La-Rose Enterprises*, 748 A.2d 261, 270 (R.I. 2000). In *Ruzzo*, we said that "to *incur responsibility [the individual] must ordinarily be shown to have in some way participated in or directed the tortious act*." *Id.* (quoting *Banks v. Bowen's Landing Corp.*, 652 A.2d 461, 463 (R.I. 1995)). Nevertheless, we are free to affirm the judgment of the Superior Court on grounds different from those relied upon by that court. *See Berman v. Sitrin,* 991 A.2d 1038, 1043 (R.I.2010) (citing *State v. Lynch*, 770 A.2d 840, 847 (R.I.2001)).

In *James W. Brown v. Elmer Stanley,* No.2012–169–A., 84 A.3d 1157, 1165–64 (R.I.2014), we held that Project Hope did not have a duty to the walkathon partici-

pants to ensure their safe passage across public streets. Stanley similarly had no duty, as his offers of assistance to Cummings, which Cummings rebuffed in clear and concise terms, were the source of Project Hope's purported duty. Accordingly, we conclude that summary judgment was proper, and we affirm the judgment of the Superior Court.

---

**2.** Later, Brown was voluntarily dismissed from the case pursuant to Rule 41 of the

Superior Court Rules of Civil Procedure.